■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO BAEZA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered January 6, 1984, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Marano, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The denial of a hearing on that branch of the defendant's motion which was to suppress physical evidence was proper. The affirmation submitted in support of that branch of the motion failed to allege improper police conduct. Therefore, there was no factual basis for the court to direct a hearing *(see, People v Roberto H.,* 67 AD2d 549, 552).

Viewing the evidence in the light most favorable to the prosecution, as we must, we find that, based on the testimony presented by an undercover officer, the evidence is sufficient to support the verdict, since a " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319). Further, the defendant's contention that the jury's finding of not guilty as to criminal

sale of cocaine was repugnant to its finding of guilty as to criminal sale of heroin, is unpreserved for appellate review inasmuch as trial counsel did not object to the verdict prior to the discharge of the jury *(see, People v Alfaro,* 108 AD2d 517, *affd* 66 NY2d 985; *People v Satloff,* 56 NY2d 745). Moreover, since the elements of the aforenoted crimes as charged to the jury were not identical, the claim of repugnancy is without merit *(see, People v Tucker,* 55 NY2d 1; *People v Alfaro, supra,* at p 519).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for review or without merit. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.