■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HYDLEBURG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered June 20, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to register an objection to the trial court's charge insofar as it dealt with the defendant's alibi defense, and, accordingly, did not preserve this issue for appellate review *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022). In any event, we find that the court's alibi charge, taken as a whole, properly conveyed the relevant principles of law to the jury *(see, People v Canty,* 60 NY2d 830). While the court did not specifically state that the prosecution must disprove the defendant's alibi beyond a reasonable doubt *(see, People v Victor,* 62 NY2d 374), the court did emphasize throughout the charge that the prosecution, not the defendant, bore the burden of proving beyond a reasonable doubt that he was the person who, in fact, committed the crime.

We also reject the defendant's contention that he was denied a fair trial by the prosecutor's cross-examination of the defendant with respect to the underlying facts of his 1982 conviction for sexual abuse in the third degree. The prosecutor's line of questioning on this issue sought to establish the element of lack of consent underlying the prior sexual abuse conviction *(see,* Penal Law § 130.55), which was a proper response to the defendant's testimony on direct examination, during which he indicated that the sexual contact was with the victim's consent. The defendant had also testified that the complainant in the case at bar was a friend of the family of the victim of the sexual abuse.

The prosecutor's cross-examination of the defendant's alibi witness as to her prior silence was similarly not improper. The prosecutor laid a proper foundation for this testimony and had a good-faith basis for eliciting this information *(see, People v Dawson,* 50 NY2d 311; *cf., People v Hooks,* 110 AD2d 909). On this point we also note that the court's charge adequately and properly instructed the jury that "a witness

has no civic or moral obligation to volunteer exculpatory information to law enforcement authorities". No objection was taken to this portion of the charge.

We have reviewed the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.