■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LEGENDRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 15, 1984, convicting him of assault in the second degree, reckless endangerment in the first degree, and leaving the scene of an accident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewed in a light most favorable to the People, the evidence adduced at trial was legally sufficient to establish that the defendant committed the acts for which he was convicted *(see,* Penal Law § 120.05 [4]; § 120.25; Vehicle and Traffic Law § 600 [2]; *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). With respect to the defendant's conviction of reckless endangerment in the first degree, we conclude that the jury could properly have determined that the defendant's conduct evinced "a depraved indifference to

human life" (Penal Law § 120.25). The record reveals that on December 8, 1982, at approximately 5:00 P.M. on a Brooklyn street where numerous children were present, the defendant, while drag racing with another car, speeded through a yellow light, struck a young boy who was crossing the street, and thereafter fled the scene of the accident leaving the seriously injured victim lying in the road. Contrary to the defendant's contentions, the accuracy of the eyewitness testimony with respect to the defendant's identity as the operator of the automobile was an issue properly left to the jury, whose resolution of the issue we decline to disturb (see, People v Berkman, 124 AD2d 590, 591, lv denied 69 NY2d 824).

Furthermore, the defendant failed to register an objection to the trial court's charge in respect to his alibi defense, and, accordingly, did not preserve the issue for appellate review (see, CPL 470.05 [2]; People v Hoke, 62 NY2d 1022; People v Hydleburg, 127 AD2d 792, lv denied 70 NY2d 648; People v Lonon, 124 AD2d 751, lv denied 69 NY2d 830). In any event, we find that the court's alibi charge properly conveyed to the jury the relevant principles of law (see, People v Hydleburg, supra; People v Victor, 62 NY2d 374).

The defendant's remaining contentions are either unpreserved for appellate review or lacking in merit (see, People v Johnson, 130 AD2d 766, lv denied 70 NY2d 649; People v Baeza, 125 AD2d 318, lv denied 69 NY2d 824; cf., People v Alfaro, 108 AD2d 517, affd 66 NY2d 985). Mangano, J. P., Weinstein, Kooper and Harwood, JJ., concur.