OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant, a former New York City detective, was convicted after a jury trial of bribe receiving and official misconduct. Defendant had introduced a known drug dealer to a fellow police officer and was present when the drug dealer gave the officer a bribe in return for his cooperation in ensuring that the dealer’s drug operations would be protected from police investigation.
 

 At this stage of review of a criminal conviction, the evidence must be viewed in the light most favorable to the prosecution. Under that standard, the People’s proof as to each count (insofar as objections have been preserved by defendant) was sufficient. Defendant’s current claim that the People failed to establish a central element of the crime of official misconduct (Penal Law § 195.00) — the duty element — is unpreserved. Defendant argued before the trial court only that there was no evidence that he had received a benefit. This contention was inadequate to alert the trial court that defendant was urging insufficiency based on the entirely distinct claim — that he had no clearly inherent duty but only a
 
 *861
 
 discretionary responsibility to arrest the drug dealer during the criminal transaction
 
 (see, People v Gomez,
 
 67 NY2d 843).
 

 Defendant’s remaining arguments are either without merit or unpreserved.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.