■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD COSTNER, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly tried defendant in absentia. In order to effect a voluntary, knowing and intelligent waiver of his right to be present at trial, "the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial * * *. This, of course, in turn requires that defendant simply be aware that trial will proceed even though he or she fails to appear" *(People v Parker,* 57 NY2d 136, 141). Moreover, "even after the court has determined that a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial *in absentia* is not thereby automatically authorized. Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear * * *. In most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial *in absentia* unless, of course, the prosecution can demonstrate that such a course of action would be totally futile" *(People v Parker, supra,* at 142).

The circumstances of this case compel the conclusion that defendant waived his right to be present and that the court properly exercised its discretion in proceeding to trial without him. The court was aware that defendant had a history of leaving the jurisdiction. Immediately prior to trial the court had conducted a hearing on defendant's speedy trial motion in which it developed that defendant, after agreeing to surrender on an arrest warrant, had been absent from the jurisdiction for over one year, until he was arrested by New Jersey authorities and returned to New York. At the close of the speedy trial hearing, the court advised defendant that trial

would begin the following Monday and also advised him of the consequences of his not appearing. On the following Tuesday, after jury selection had begun, defense counsel informed the court that his office had received a phone call from defendant on Monday in which he claimed that he was "running late" but that he would be in court sometime that day. Nonetheless, defendant failed to appear and jury selection proceeded without him. Defendant failed to appear on Tuesday, prompting defense counsel to move to be relieved of his assignment or, in the alternative, for a continuance. The court denied the motion but delayed trial until 11:30 A.M. pending efforts to locate defendant. In the interim, the People unsuccessfully attempted to serve a bench warrant upon defendant. On Wednesday morning, defense counsel informed the court that defendant had left a message on defense counsel's answering machine asking counsel to call him at a New Jersey number. Defense counsel reported that, when he returned the call, defendant revealed that he had gone to New Jersey without sufficient funds to get back. Defense counsel renewed his request for a continuance until defendant "has the ability to return". The court denied defense counsel's request.

On this record, we conclude that the court did not abuse its discretion in proceeding with trial in defendant's absence. By leaving the jurisdiction without sufficient funds to return, in disregard of the court's warning that trial would commence on Monday and would proceed in his absence, defendant voluntarily and knowingly waived his right to be present. Although the court was apprised of defendant's whereabouts, defendant was not in New York and thus the People's attempt to issue a bench warrant was futile (People v Parker, supra, at 142). Additionally, given defendant's history of absenting himself from the jurisdiction in order to avoid prosecution, the court lacked any assurance that defendant would appear within a reasonable time (People v Parker, supra). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—criminal sale of controlled substance, third degree, and another charge.) Present—Callahan, J. P., Denman, Pine and Balio, JJ.