■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILDRED GAMBLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 29, 1989, convicting her of criminal possession of a controlled substance in the fourth degree, criminal

sale of a controlled substance in the third degree, and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced by the People showed that on June 1, 1988, the defendant sold cocaine to an undercover officer from an apartment on Northern Boulevard in Corona, Queens. On June 14, 1988, a search pursuant to a warrant revealed drugs and drug paraphernalia in the apartment. Immediately before this search the defendant had been present in the apartment and had declined to sell the officer any additional drugs because she did not recognize him. Viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), this evidence was legally sufficient to permit the inference that the defendant exercised dominion and control over the contraband discovered within the apartment (see, People v Torres, 68 NY2d 677; People v Melendez, 160 AD2d 739, 740; People v Rosa, 150 AD2d 623).

The defendant also claims that the undercover officer's identification testimony was not credible. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.