■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX OKEHOFFURUM, Appellant. [607 NYS2d 695] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered December 6, 1991, convicting him

of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial on the ground that the prosecutor exercised his peremptory challenges in a racially discriminatory manner. Even assuming that the defendant made a prima facie showing of discriminatory jury selection, the record supports the trial court's conclusion that the prosecutor articulated race-neutral reasons for excusing the two black prospective jurors in question (see, Batson v Kentucky, 476 US 79; People v Kern, 75 NY2d 638, cert denied 498 US 824; People v Hernandez, 75 NY2d 350, affd 500 US 352).

Contrary to the People's contention, the trial court was fully apprised of the defendant's claim that the prosecution failed to preserve discoverable material pursuant to CPL 240.20, and, thus, the issue is preserved for appellate review. The nature and extent of the sanction to be imposed depends upon the degree of the prosecution's bad faith, the importance of the evidence lost, and the evidence of guilt adduced at trial, and is vested in the trial court's sound discretion (see, People v Kelly, 62 NY2d 516, 521; People v Torres, 190 AD2d 52, 54). Under the circumstances of this case, including the finding of no bad faith on the part of the People, the trial court did not improvidently exercise its discretion in denying the defendant's request to strike all testimony of the People's key witness.

The defendant's contention that the People failed to adduce legally sufficient evidence establishing that he had knowledge of the weight of the heroin beyond a reasonable doubt is unpreserved for appellate review (see, People v Logan, 74 NY2d 859; People v Bynum, 70 NY2d 858; People v Dekle, 56 NY2d 835). In any event, the defendant's contention is without merit. The record reveals that the defendant was carrying a briefcase, which contained over one pound of heroin, and that he expected to receive between $3,000 and $5,000 for transporting the briefcase into the United States. Evidence that a defendant handled a controlled substance, together with other circumstantial evidence, may give rise to an inference that the possessor knew the weight of the controlled substance which he or she possessed (see, People v Ryan, 82 NY2d 497; People v Reisman, 29 NY2d 278, 285, cert denied 405 US 1041).

Viewing the evidence in the light most favorable to the

People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.