OPINION OF THE COURT
Bruce Allen, J.
On November 7, 1991, the defendant was convicted by a jury of criminal possession of a controlled substance in the first degree for possessing a substance with an aggregate weight over four ounces containing cocaine. The question presented now is whether the defendant is entitled to postverdict relief in the wake of People v Ryan (82 NY2d 497 [1993]).
The evidence at trial may be summarized as follows. A police officer, who had entered a residential building in response to a report of shots fired, saw the defendant throw three clear plastic bags containing a white substance to another man. That man then tossed the bags out a window. Minutes later, officers recovered two bags on the street below the window. One of the bags had a sizeable tear and some of its contents had apparently spilled out. The officer who recovered this bag gathered several nearby chunks of the white substance and put them in the bag.
The contents of both bags were analyzed by a chemist and were determined to contain cocaine. The chemist testified that the substance in each bag was moist, possibly because it had been recently "cooked”. The substances were dried out and weighed. The torn bag was found to contain 3 ounces, 11 grains. The untorn bag contained lVs ounces, 30 grains.
In December 1991 the defendant filed a motion under CPL 330.30 to set aside the verdict on the grounds that the drugs should not have been admitted into evidence due to discrepan *903 cies in the evidence regarding their condition. On April 9, 1992, the trial court (Stephen G. Crane, J.) granted the motion. The People appealed and on March 30, 1993 the Appellate Division reversed. (191 AD2d 398 [1st Dept 1993].) Citing People v Sarmiento (168 AD2d 328 [1st Dept 1990]), the Court found that the discrepancies went only to the weight of the evidence, not to its admissibility. The conviction was reinstated and the case was remanded to this court for sentencing.
The defendant has now filed a motion to modify the verdict, seeking to reduce the conviction from criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree. The defendant refers to this as a CPL 440.10 motion. As the People point out, since the defendant has not been sentenced yet, the motion must be considered as a CPL 330.30 motion.
The defendant’s argument is based on the recent case of People v Ryan (82 NY2d 497 [1993], supra). In Ryan, the Court of Appeals ruled that when a defendant is charged under a possession statute which specifies minimum weight of the controlled substance, an essential element of the crime is that the defendant knew he possessed that weight. (82 NY2d, at 504.) The defendant here argues that the evidence regarding his knowledge of the weight of the substance was legally insufficient to support the guilty verdict.
CPL 330.30 provides as follows:
"At any time after rendition of a verdict of guilty and before sentence, the court may, upon motion of the defendant, set aside or modify the verdict or any part thereof upon the following grounds:
"1. Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court”.
As a first line of defense, the People contend that the issue on which the defendant bases his motion has not been preserved for review because it was not raised in a timely fashion. The defendant did not object to the trial court’s jury instruction, which did not include knowledge of weight as an element of criminal possession of a controlled substance in the first degree. At the close of the People’s evidence, the defendant did make a motion to dismiss due to insufficient evidence under CPL 290.10, but that motion did not specify the theory which the defendant now advances. Accordingly, the People *904 argue that the issue was not preserved as a matter of law, and therefore cannot be the subject of a CPL 330.30 motion.
The Court of Appeals has determined that an issue must be preserved to be the subject of a CPL 330.30 motion. (People v Guerrero, 111 AD2d 350 [2d Dept 1985], revd 69 NY2d 628.) In cases involving sufficiency of the evidence (though not specifically CPL 330.30 motions), the Court of Appeals has found that such an issue is preserved for review only through timely objection to the jury instructions (People v Dekle, 56 NY2d 835), or through a CPL 290.10 motion which alerts the Trial Judge to the specific theory in issue (People v Gomez, 67 NY2d 843).
During the past few months the First and Second Departments have had occasion to decide the identical Ryan preservation issue involved here, and the two panels have reached opposite conclusions.
In People v Okehoffurum (201 AD2d 508 [2d Dept 1994], the Second Department, citing Dekle (supra) and People v Logan (74 NY2d 859), found that the defendant’s failure to specify the knowledge of weight issue in his CPL 290.10 motion left the issue unpreserved for its review.
In People v Gray (— AD2d —, 1994 NY Slip Op 01814 [1st Dept, June 14, 1994]), the First Department relied on its own decision in People v Kilpatrick (143 AD2d 1 [1988]) and found that the general CPL 290.10 motion was enough to preserve the insufficiency of evidence issue for its review as a matter of law. There was no reference to Okehoffurum (supra) and the cases cited by the Second Department.
It is simply not possible to square these two results. While the Court of Appeals has not yet addressed this specific Ryan issue, its decisions in such cases as Dekle, Gomez, and Logan (supra) do appear to be in conflict with the First Department’s Kilpatrick line of cases as applied in Gray (supra).
Given this unfortunate division of authority among the higher courts, a Trial Judge cannot act with any great confidence in this area. I have chosen to follow the First Department’s lead, and find the issue preserved, for several reasons. First, the facts in Gray (supra) — the latest word from the appellate courts — are very similar to the facts in this case. Second, as set out in Kilpatrick (supra), CPL 470.15 (4) (b), which gives the Appellate Division the power to review the legal sufficiency of the evidence as a matter of law, does not contain any prerequisite of due protest by the defendant. This *905 reasoning has been accepted by the Second Department in at least one case. (People v James, 111 AD2d 254 [2d Dept 1985], affd 67 NY2d 662.) Third, the Court of Appeals has indicated that a specific protest is required to avoid gamesmanship and the waste of judicial resources. Neither was a factor in this particular case. Even if the defendant had raised the specific issue in his CPL 290.10 motion, it is not realistic to suppose that the court or the People would have done anything differently here. Although the Ryan issue may have been ripe for litigation in this case and countless others, the fact remains that no one thought of it in some 20 years, including the framers of the pattern jury instructions. (See, e.g., 3 CJI[NY] PL 220.06 [2]-[4], at 1663-1665, G-224 [July 1, 1991].)
Turning to the merits, I begin with the well-settled rule that legal sufficiency claims, such as the one raised here, must be viewed in a light most favorable to the People. (People v Malizia, 62 NY2d 755 [1984].)
In Ryan (supra), the defendant was charged with possessing 625 milligrams pure weight of psilocybin, contained in approximately two pounds of mushrooms. There was no evidence that the defendant could have known the pure weight of the psilocybin even if he had known the weight of the mushrooms. Here, the People need only prove that the defendant knew the aggregate weight of the substance containing the cocaine.
In Ryan (supra), the Court of Appeals suggested that in an aggregate weight case knowledge of the weight could be inferred from handling of the drugs by the defendant. In two recent cases, Gray (supra) and People v Sanchez (— AD2d —, 1994 NY Slip Op 06218 [1st Dept, June 30, 1994]), the First Department appears to have rejected the view that knowledge of the weight can be inferred simply because the defendant holds a package of drugs (and thus feels its weight). Rather, to constitute "handling”, physical possession must be accompanied by some other circumstance from which knowledge of drug weights could be inferred, such as the presence of drug paraphernalia in People v Love (204 AD2d 97).
Here there was no evidence that the defendant was knowledgable in drug weights. Beyond holding the drugs, the only circumstance which the People point to is the defendant’s efforts to dispose of the drugs before they could be recovered by the police. Such efforts clearly are evidence that the defendant knew that he possessed cocaine. However, since *906 possession of cocaine in any amount is a crime, the effort to escape detection does not necessarily suggest that the defendant knew the weight.
There are also several special circumstances here which make this an inappropriate case for inferring knowledge of weight. The uneven amounts in the two recovered bags make it unlikely that there had been any precise measurement (or negotiated sale) of these drugs. The chemist’s testimony indicated that the drugs were moist and that their weight would decrease as they dried out. There was no evidence that the defendant could have known by indirect means what the weight was at a given moment or known what the minimum dry weight would be.
The knowledge of weight question also raises a separate issue with respect to the torn bag. At trial the only question was whether the drugs were in fact in the bag. But for Ryan purposes it would also be relevant whether anything else was also in the bag, since that would prevent the defendant from knowing the weight of the drugs by the weight of the bag.
In People v Sanchez (supra), the First Department interpreted Ryan (supra) to mean that the defendant must know the weight of the drugs not just in a general sense, but in terms of the ounce amounts set out in the respective statutes. Without any proof here that the defendant had expertise in drug dealing, or was otherwise able to judge the weight of an object in ounces, there is insufficient evidence that he knew he possessed four ounces of the substance.
In Sanchez (supra) the First Department also rejected the argument that knowledge of possession of a certain weight could be inferred solely from the fact that the defendant actually possessed considerably more than that weight. Given that ruling, there is no logical basis on which the defendant here could be charged with knowledge of any of the weights (2 ounces; 1/2 ounce; 1/8 ounce) of the lesser-included possessory felonies. As in Sanchez and Gray (supra), the evidence here will only support a conviction of criminal possession of a controlled substance in the seventh degree, which has no element of weight.
Accordingly, the motion to modify the verdict is granted and the defendant’s conviction of criminal possession of a controlled substance in the first degree is modified to criminal possession of a controlled substance in the seventh degree.