■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL DILLON and ROY HETZEL, Respondents. [616 NYS2d 625] —

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Orange County (Berry, J.), dated March 21, 1994, as, upon granting the defendants' respective motions for reargument of their motions pursuant to CPL 210.20 to dismiss or reduce the charge of criminal possession of a controlled substance in the second degree set forth in count one of Indictment 520/93, granted the defendants' motions to the extent of reducing the charge from criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the seventh degree.

Ordered that the order is reversed, insofar as appealed from, on the law, the defendants' motions to dismiss or reduce the crime charged in count one of the indictment is denied, count one of the indictment charging the defendants with the crime of criminal possession of a controlled substance in the second degree is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings.

The defendants were arrested and jointly charged, in count one of an indictment filed October 12, 1993, with committing the crime of criminal possession of a controlled substance in the second degree (see, Penal Law § 220.18 [1]). Specifically, count one of the indictment charges that the defendants: "[o]n or about the 30th day of September 1993, in the County of Orange * * * did knowingly and unlawfully possess one or more preparations, compounds, mixtures or substances of an *aggregate weight* of two ounces or more containing a narcotic drug, to wit: cocaine" (emphasis supplied).

New York State Trooper Robert Willis testified before the Grand Jury that on September 30, 1993, at approximately 11:00 A.M., he observed the two defendants in a vehicle travelling westbound on Route 17 in Orange County. They were not wearing seatbelts. When Willis activated his overhead lights to stop the vehicle, the vehicle attempted to flee and Willis engaged in a high-speed pursuit. While in pursuit, Willis observed the passenger throw a light-colored, shaving-kit-sized bag out of the vehicle window. The bag hit the ground on the right side of the exit ramp of exit 123 and Willis saw white powder spilling therefrom. Willis radioed this information to the Monroe barracks. Trooper John Follaron received the radio transmission and, upon arriving at exit ramp 123, recovered a plastic bag containing a white powdery substance. He also collected additional amounts of a white powdery substance from the roadway.

Trooper Willis pursued the defendants for approximately 10 to 15 miles after the bag was thrown from the vehicle. He eventually stopped the vehicle and placed the defendants under arrest. The defendant Hetzel was the driver and the defendant Dillon was the passenger. Trooper Willis stated that he never lost sight of the vehicle, indicating that the defendants could not have switched seats after he saw Dillon throw the contraband out of the window.

According to the laboratory report, the powder in the plastic bag weighed 84.69 grams while the powder collected from the roadway weighed 22.79 grams, for a total of 107.45 grams, i.e., 3.94 ounces, and chemical analyses of the powder revealed the presence of cocaine.

Prior to trial, each of the defendants made an omnibus motion for inspection of the Grand Jury minutes and dismissal of the indictment. After its initial inspection of the minutes, the County Court, held that neither dismissal of count one of the indictment, nor a reduction of the crime charged therein, was warranted.

Thereafter, the Court of Appeals, in *People v Ryan* (82 NY2d 497), held that the knowledge requirement contained in those provisions of the Penal Law dealing with possession of certain weights of controlled substances (i.e., "knowingly * * * possesses"), applied to the weight of the substance as well as to the nature of the substance possessed. Since the trial evidence in *People v Ryan*, "was insufficient to satisfy that mental culpability element" *(People v Ryan,* 82 NY2d, at 499), the Court of Appeals reversed the defendant's conviction.

In light of the Court of Appeals holding in *People v Ryan (supra),* the County Court granted the defendants' motions for reargument and, upon reargument, granted the defendants' motions to the extent of reducing the crime charged in count one of the indictment from criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the seventh degree, which has no weight requirement. In so holding, the County Court stated: "In the present case, the Court has reviewed the minutes of the Grand Jury and finds that no evidence was presented thereat to establish the defendant's knowledge of the weight of the substance. Additionally, the District Attorney failed to charge the Grand Jury that they must have reasonable cause to believe that the defendants knew the weight of the substance they allegedly possessed."

We now reverse and reinstate count one of the indictment

charging the defendants with the crime of criminal possession of a controlled substance in the second degree.

In *People v Ryan (supra)*, the defendant was charged with criminal possession of a controlled substance in the second degree, pursuant to Penal Law § 220.18 (5), i.e., "knowingly * * * possess * * * six hundred twenty-five milligrams of a hallucinogen", *viz.*, psilocybin.

The charge against the defendant in *People v Ryan (supra)*, was that of possessing a controlled substance measured by "pure weight", which "refers only to the actual amount of the drug, irrespective of whether it is included in another substance" (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 220, at 9). The Court of Appeals distinguished this type of charge from a charge of possession of a controlled substance measured by "aggregate weight", which "refers to the weight of the substance which contains the drug, irrespective of the amount of the drug in the substance" (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 220, at 9). The Court of Appeals in *People v Ryan (supra)*, held that in cases involving possession based on pure weight, "it may indeed be difficult to show defendant's knowledge of the weight" *(People v Ryan, supra,* at 505), but that with aggregate weight cases, such as the case at bar, "knowledge of the weight may be inferred from defendant's handling of the material, because the weight of the entire mixture, including cutting agents, is counted" *(People v Ryan, supra,* at 505).

Relying on this language from the opinion in *People v Ryan (supra)*, this Court has held that in an aggregate weight case, "[e]vidence that a defendant handled a controlled substance together with other circumstantial evidence, may give rise to an inference that the possessor knew the weight of the controlled substance which he or she possessed" *(People v Okehoffurum,* 201 AD2d 508, 509).

The evidence adduced before the Grand Jury in the instant case indicated that the defendant Dillon handled the substance when he threw it out of the vehicle and that it weighed almost four ounces, i.e., almost twice the minimum aggregate weight set forth in the relevant statute *(see,* Penal Law § 220.18 [1]). The People correctly argue that this evidence provides a sufficient basis to establish that the defendant Dillon knew that the substance weighed the minimum of two ounces required under Penal Law § 220.18 (1) *(see, People v Korang,* NYLJ, Mar. 11, 1994, at 9, col 6; *People v Cabrera,*

NYLJ, May 2, 1994, at 28, col 3; *People v Williams,* NYLJ, Apr. 1, 1994, at 34, col 2; *People v Lopez,* NYLJ, May 31, 1994, at 29, col 1). With regard to the defendant Hetzel, the Grand Jury was charged pursuant to Penal Law § 220.25 (1) that, "[t]he presence of a controlled substance in an automobile * * * is presumptive evidence of knowing possession thereof by each and every person in the automobile". This statutory presumption provides sufficient basis to infer that Hetzel was also aware of the weight of the substance.

Finally, while the County Court also found that the District Attorney's instructions to the Grand Jury were incomplete, we agree with the People that the instructions in the instant case were adequate *(see, People v Calbud, Inc.,* 49 NY2d 389, 394-395). Mangano, P. J., Rosenblatt, Joy and Florio, JJ., concur.