■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR BRIGHT, Appellant. [619 NYS2d 353] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered October 4, 1990, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claims, evidence of his prior sale of cocaine, which had not resulted in a conviction, was properly admitted into evidence during the People's direct case to establish the defendant's knowledge of and exercise of dominion and control over the cocaine involved in the case at bar, and the jury was properly instructed on this issue *(see, People v Satiro, 72 NY2d 821, 822; People v Alvino, 71 NY2d 233, 245; People v Molineux, 168 NY 264, 293; People v Maye, 206 AD2d 846; People v Gamble, 177 AD2d 503; People v Mosiurchak, 157 AD2d 1023; People v Grieco, 125 AD2d 489; People v Sbraccia, 92 AD2d 628).*

Moreover, based upon the defendant's admission that he owned the home in question, the evidence that he was discovered in a bedroom that contained a closet in which cocaine was found, and the evidence that he had gone to a bedroom to obtain the cocaine that he sold to an undercover officer just prior to the execution of the search warrant, the People established the defendant's constructive possession of the contents of the bedroom closet and the narcotics found in the

pocket of a fur coat therein *(see, People v Manini,* 79 NY2d 561, 572-573; *People v Torres,* 68 NY2d 677; *People v Gomez,* 191 AD2d 583; *People v Mejie,* 186 AD2d 155; *People v Rosa,* 150 AD2d 623; *People v Tirado,* 47 AD2d 193, *affd* 38 NY2d 955; *People v Diaz,* 112 AD2d 311).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant failed to preserve for appellate review his claim that the holding of *People v Ryan* (82 NY2d 497) should be applied retroactively, and that the People failed to establish his knowledge of the weight of the cocaine found in his possession *(see, People v Okehoffurum,* 201 AD2d 508; *see also, People v Douglas,* 205 AD2d 280).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.