■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSHE COHEN, Appellant. [619 NYS2d 352] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 26, 1991, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient evidence establishing beyond a reasonable doubt that he had knowledge of the weight of the heroin that he possessed is unpreserved for appellate review *(see, People v Logan,* 74 NY2d 859; *People v Bynum,* 70 NY2d 858; *People v Okehoffurum,* 201 AD2d 508). In any event, the defendant's contention is without merit.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

At trial, the People presented evidence that the defendant received delivery of a package that had been mailed from the Netherlands and that was addressed to the person with whom he and his family were staying. The package had been previously opened by a United States customs inspector. Upon opening the package, the inspector discovered that it contained a hollowed-out book in which there was a plastic bag that contained 12 ounces of heroin, three times the aggregate weight set forth in the relevant statute *(see,* Penal Law § 220.21 [1]). The People also presented evidence that, upon receipt of the package from a postal worker, the defendant unwrapped it, although it was not addressed to him, and removed the heroin from the hollowed-out book. Minutes later, when the police entered the apartment, they heard a flushing sound, and they saw the defendant standing over a toilet holding the book and the plastic bags that had contained the heroin. A triple beam scale was discovered in a bedroom of the apartment. The evidence presented by the People that the defendant handled the heroin, together with the other circumstantial evidence that was presented, permitted the jury to infer that the defendant knew the weight of the heroin that he possessed *(see, People v Ryan,* 82 NY2d 497; *People v Reisman,* 29 NY2d 278, 285-287; *People v Okehoffurum,* 201 AD2d 508, *supra; People v Dillon,* 207 AD2d 793).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.