■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [620 NYS2d 68] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 7, 1990, convicting him of murder in the second degree (six counts), robbery in the first degree (three counts), and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his Sixth Amendment right to confront a codefendant who did not testify is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, this contention is without merit. At trial, the defendant claimed that his confession was the product of physical and mental coercion and that he had been told to use the statement of the codefendant Roger Andreu as the source of information for the defendant's confession. To rebut the defendant's assertion, the prosecution sought to introduce the codefendant's statement not for its truth, but to show that the defendant's confession was even more detailed than the codefendant's statement and that the latter statement could not have been the source of the defendant's confession. In granting the prosecution's request, the court twice delivered instructions to the jury that the codefendant's statement was admissible only as evidence concerning the source of the defendant's confession, and not for the truth of the matters asserted. Furthermore, unlike the situation in Bruton v United States (391 US 123), redaction of the defendant's name from the codefendant's statement would have detracted from the purpose for which it was introduced into evidence by creating artificial differences between the two statements and by making it more difficult for the jury to evaluate the defendant's testimony that his confession was derived from the codefendant's statement. Accordingly, the Confrontation Clause was not violated, and the admission of the codefendant's statement was proper (see, Tennessee v Street, 471 US 409).

The defendant contends that his conviction should be reversed because the court failed to preclude the testimony of a detective concerning the recovery of property destroyed by the police. The nature and extent of the sanction to be imposed for losing evidence depends upon the degree of the prosecution's bad faith, the importance of the evidence lost, and the evidence of guilt adduced at trial *(see, People v Haupt,* 71 NY2d 929; *People v Kelly,* 62 NY2d 516; *People v Okehoffurum,* 201 AD2d 508). Under the circumstances of this case, including the finding that there was no bad faith on the part of the People, the trial court did not improvidently exercise its discretion in denying the defendant's request to bar the detective's testimony *(see, People v Okehoffurum, supra).*

The prosecutor's summation comments challenged by the defendant constituted fair rebuttal to certain assertions made by the defense counsel in his summation or constituted fair comment on the evidence *(see, People v Ortiz,* 180 AD2d 829; *People v Arrocha,* 151 AD2d 490).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.