■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARCISCO ALMONTE, Appellant. [620 NYS2d 661] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the first degree. The conviction arose out of an incident that occurred on May 12, 1989, when defendant's car ran into the rear of a truck on Route 81. Following the accident, which disabled his car, defendant discarded four packages subsequently found to contain 35.81 ounces of cocaine. Defendant contends that he was deprived of effective assistance of counsel; that he was improperly tried in absentia; and that the evidence is insufficient to establish his knowledge of the weight of the cocaine.

Upon our review of the evidence, the law, and the circumstances of this case, viewed in their totality and as of the time of the representation, we conclude that defense counsel exhibited familiarity with the law and facts of the case and provided meaningful representation to defendant (see, People v Baldi, 54 NY2d 137, 147; People v Trait, 139 AD2d 937, 938, lv denied 72 NY2d 867). Faced with overwhelming evidence that defendant was the person involved in the accident and that he had hurled cocaine packages from the car, it was a reasonable and adequate trial strategy for defense counsel to concede those elements and to argue that defendant lacked knowledge prior to the accident that the car contained cocaine.

We conclude that defendant knowingly, voluntarily, and intelligently waived his right to be present at trial (see, People v Parker, 57 NY2d 136, 139-141). Through an interpreter, County Court gave defendant Parker warnings in writing, instructing defense counsel and the interpreter to review the form with defendant until he understood it. Defendant and counsel assured the court that defendant understood his right

to be present and the consequences of his failure to appear. Defendant had failed to appear at earlier court proceedings, defense counsel was unable to explain defendant's absence, and defense counsel had expressly apprised defendant of the trial date. Thus, it is clear that defendant deliberately absented himself from trial. In those circumstances, in which the court lacked any assurance that defendant would appear within a reasonable time, the court did not err in ordering that defendant's trial proceed in absentia (see, People v Parker, supra, at 142; cf., People v Costner, 155 AD2d 885, 886, lv denied 74 NY2d 947).

The proof that defendant "handl[ed]" the four packages of cocaine, which in the aggregate weighed almost nine times the statutory minimum, is sufficient to establish defendant's knowledge of the weight (People v Ryan, 82 NY2d 497, 505; see, People v Porter, 207 AD2d 993; People v Dillon, 207 AD2d 793; People v Okehoffurum, 201 AD2d 508, 509-510, lv denied 83 NY2d 913). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Balio, J. P., Lawton, Wesley, Callahan and Davis, JJ.