■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON GUTIERREZ, Appellant. [622 NYS2d 94] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered April 28, 1992, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove that he had knowledge that he possessed more than one-eighth of an ounce of cocaine is unpreserved for appellate review *(see, People v Logan,* 74 NY2d 859; *People v Okehoffurum,* 201 AD2d 508). In any event, the contention is without merit. The record reveals that the defendant and the codefen-

dant were found disposing of a bag that contained 125 vials of crack cocaine which weighed a total of one-eighth of an ounce plus 43 grains shortly after the undercover officer observed what he believed was a drug sale. Evidence that the defendant handled a controlled substance, together with other circumstantial evidence, gave rise to the inference that the defendant knew the weight of the controlled substance (see, People v Ryan, 82 NY2d 497; People v Okehoffurum, supra). Therefore, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also was not substantially prejudiced by the prosecutor's late disclosure of a single entry in a police officer's memo book and consequently reversal is not required (see, People v Martinez, 71 NY2d 937; People v Ranghelle, 69 NY2d 56; People v Hernandez, 195 AD2d 573). Although the disclosure was late, it occurred during the second day of the trial and provided the defendant with an opportunity to use the entry on cross examination. Under these circumstances, the effect of the untimely disclosure was minimal, and no substantial right of the defendant was prejudiced by the delay in producing the Rosario material (see, People v Leon, 186 AD2d 587, 588; People v Polanco, 174 AD2d 468, 469-470; People v Turcios-Umana, 153 AD2d 707, 708; People v Plunkett, 140 AD2d 553, 554).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). The defendant's remaining claims are either unpreserved for appellate review or without merit. Ritter, J. P., Copertino, Joy and Hart, JJ., concur.