■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL NKEMAKOLAM, Appellant. [623 NYS2d 275] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered July 10, 1992, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of December 24, 1991, a United States Customs Inspector performing random stops of passengers arriving on flights from countries identified as drug sources approached the defendant, who was holding a gray briefcase. In response to the inspector's questions, the defendant stated that he had traveled to the United States from Nigeria via Amsterdam and admitted that the briefcase in his possession belonged to him. When the defendant opened the briefcase at the inspector's request, the inspector immediately noticed an overwhelming odor of glue, and, upon further examination, she observed that the sides of the briefcase were unusually thick. The inspector then ripped the lining from the briefcase and recovered more than six ounces of heroin from two bags concealed behind false panels.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that, contrary to the defendant's contention, it is legally sufficient

to establish that the defendant knowingly possessed the heroin concealed in the briefcase *(see generally, People v Reisman,* 29 NY2d 278, 285, *cert denied* 405 US 1041). The defendant's additional contention that the People failed to establish his knowledge of the weight of the heroin found in his possession is unpreserved for appellate review *(see, People v Logan,* 74 NY2d 859; *People v Okehoffurum,* 201 AD2d 508). In any event, the evidence that the defendant personally carried the heroin into the country, together with the other circumstantial evidence presented, was sufficient to permit the jury to infer that the defendant knew that the heroin weighed four or more ounces *(see, People v Ryan,* 82 NY2d 497; *People v Almonte,* 210 AD2d 911; *People v Cohen,* 210 AD2d 245; *People v Dillon,* 207 AD2d 793; *People v Okehoffurum, supra).* Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.