■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY ST. HILL, Appellant. [626 NYS2d 514] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered July 22, 1992, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his claim that the People failed to establish his knowledge of the weight of the cocaine found in his possession (see, People v Hill, 85 NY2d 256; People v Bynum, 70 NY2d 858; People v Bright, 210 AD2d 244; People v Okehoffurum, 201 AD2d 508; see also, People v Douglas, 205 AD2d 280). With respect to the remaining elements of criminal possession of a controlled substance in the third degree, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's assertions that the testimony of the witnesses failed to prove that he possessed 247 vials of cocaine raise an issue of credibility. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence is neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.