THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant. [627 NYS2d 558] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 6, 1993, convicting him of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the fifth degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by deleting the one-year term of imprisonment imposed on the conviction of unlawful possession of marihuana and substitut-

ing therefor a term of 15-days imprisonment to run concurrently with the sentences imposed on the remaining counts; as so modified, the judgment is affirmed.

We agree with the hearing court that the arresting officers had reasonable suspicion that the defendant was in possession of a gun and therefore they were entitled to stop and frisk him (see, People v Salaman, 71 NY2d 869; People v Benjamin, 51 NY2d 267). "Since the lawful frisk produced a gun providing probable cause for the defendant's arrest" (People v Thorne, 184 AD2d 797, 798), the hearing court properly denied suppression of the gun and the drugs found on the defendant's person. The defendant's further contention that the People failed to prove that he had knowledge that the cocaine he possessed weighed 500 or more milligrams is unpreserved for appellate review (see, People v Logan, 74 NY2d 859; People v Okehoffurum, 201 AD2d 508), and we decline to review the issue in the exercise of our interest of justice jurisdiction.

As conceded by the People, the one-year term of imprisonment imposed on the defendant's conviction of unlawful possession of marihuana is illegal (see, Penal Law § 221.05). Since the defendant has already served more than the maximum sentence that could be imposed for that crime, the matter need not be remitted to the Supreme Court, Kings County, for resentencing and the judgment is hereby modified to correct the error. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.