■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK CALDWELL, Appellant. [628 NYS2d 497] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered January 25, 1993, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contentions that the People failed to prove that he possessed at least one-half ounce of a narcotic drug and that he knew the weight of the drug that he possessed (see, People v Gray, 86 NY2d 10; People v Hill, 85 NY2d 256; see also, CPL 470.05 [2]; People v Logan, 74 NY2d 859; People v Bynum, 70 NY2d 858, 859; People v Okehoffurum, 201 AD2d 508; People v Udzinski, 146 AD2d 245), and we decline to review these contentions in the exercise of our interest of justice jurisdiction (see, CPL 470.15 [6] [a]).

Given the inadequacy of the defendant's moving papers, we find that the Supreme Court properly denied, without a hearing, his motion to controvert the search warrant (see, CPL 710.60 [3]; People v Bashian, 190 AD2d 681; People v Vega, 145 AD2d 924; People v Jordan, 122 AD2d 224). Furthermore, there is no merit to the defendant's contention that the police exceeded the scope of the search warrant. The narcotics in question were inadvertently discovered during a valid execution of the search warrant and, thus, were admissible at trial (see, People v Hardwick, 137 AD2d 714).

The defendant's remaining contentions, including those found in his supplemental pro se brief, are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Ritter, Pizzuto and Krausman, JJ., concur.