■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEYMORE BURTON, Appellant. [628 NYS2d 353] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered October 26, 1993, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in ruling that the prosecutor would be permitted to question the defendant as to the underlying facts of his prior felony narcotics conviction. The court also properly ruled that the prosecutor could question the defendant about the underlying facts of four of his prior misdemeanor convictions, three of which were for criminal sale of marihuana, the other of which was for criminal possession of a controlled substance. The court precluded the prosecutor from questioning the defendant about his approximately 18 other misdemeanor convictions for possession or sale of marihuana *(see, People v Sandoval,* 34 NY2d 371; *People v Robinson,* 203 AD2d 491; *People v Mannery,* 151 AD2d 697; *People v Monahan,* 114 AD2d 380; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882).

The defendant's contention that the People failed to present legally sufficient evidence that the defendant had known that the cocaine weighed 500 or more milligrams when he possessed it is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Nkemakolam,* 212 AD2d 813; *People v Okehoffurum,* 201 AD2d 508; *cf., People v Hill,* 85 NY2d 256; *People v Caldwell,* 215 AD2d 681; *People v Tyler,* 215 AD2d 704). We decline to reach this issue in the exercise of our interest of justice jurisdiction. Moreover, upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Joy, Hart and Florio, JJ., concur.