THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK HARDY, Appellant. [641 NYS2d 366] —Appeal by the defendant from a judgment of the County Court, Nassau County (Dunne, J.), rendered February 2, 1995, convicting him of criminal possession of a controlled substance in the fourth degree, attempted robbery in the second degree, attempted robbery in the third degree, assault in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Wexner, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that his suppression motion should have been granted because there was no probable cause for his arrest is without merit (*see, People v McCray,* 51 NY2d 594, 602). Although the defendant insists that the arresting officer's testimony was incredible, the hearing court's factual findings and credibility determinations are entitled to great deference on appeal (*see, People v Prochilo,* 41 NY2d 759; *People v Overton,* 188 AD2d 491; *People v Bailey,* 179 AD2d 662). In any event, the arresting officer's testimony regarding his observation of the defendant holding a bag containing drugs and the defendant's conduct thereafter, including his attempt to conceal the drugs from the officer, establish that there was a sufficient factual predicate to make the arrest (*see, People v Sargeant,* 174 AD2d 767; *People v Goggans,* 155 AD2d 689).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the triers of fact, who saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94; *People v Scott,* 168 AD2d 523). Their determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88).

While it is necessary for the prosecution to establish that a defendant knew the weight of the drugs he or she possessed in order to find the defendant guilty of criminal possession of a controlled substance in the fourth degree (*see, People v Ryan,* 82 NY2d 497, 499), where, as here, the controlled substance is one that is measured on an aggregate weight basis, evidence that the defendant handled the controlled substance, together with other circumstantial evidence, may give rise to an inference that the defendant knew the weight of the controlled substance in his or her possession (*see, People v Dillon,* 207 AD2d 793, 796, *affd* 87 NY2d 885; *People v Okehoffurum,* 201 AD2d 508, 509). As the Court of Appeals recently explained, "handling" does not necessarily mean that the defendant manipulated or packaged the drugs, but "merely connotes sufficient contact with the substance to experience its weight—to give rise to a probability defendant became aware of the weight of the drugs in his possession" (*People v Sanchez,* 86 NY2d 27, 33). Moreover, inasmuch as the defendant was also found in possession of a quantity of small ziplock bags and an amount of drugs that could be packaged into 70 "doses" or saleable units, the jury could have reasonably inferred that the defendant intended to sell the drugs and was sufficiently familiar with drugs so as to be able to determine their weight (*see, People v Sanchez, supra,* at 35; *People v Wright,* 214 AD2d 989; *see also, People v Gutierrez,* 211 AD2d 822).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 83). Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.