■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SNELL, Appellant. [658 NYS2d 949] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered May 10, 1995, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The record supports the determination of the hearing court that the defendant's statement was taken prior to his attorney's entrance into the case. When reviewing a determination of a hearing court, its findings of fact and determinations of credibility must be accorded great deference, as that court had the opportunity to view the witnesses during their testimony (*People v Prochilo*, 41 NY2d 759; *People v Hardy*, 226 AD2d 652). The hearing court credited the interrogating detective's testimony that the defendant's statement was taken prior to his attorney's entrance into the proceedings, and we decline to disturb that finding (*see, People v Slater*, 173 AD2d 1024; *see also, People v Singletary*, 135 AD2d 757). Therefore, the defendant's waiver of his right to counsel without counsel being present, was effective, and denial of the motion to suppress the statement was proper. Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TEVAULT, Appellant. [658 NYS2d 948] —Appeal by the defendant from three judgments of the Supreme Court, Kings County (Egitto, J.), all rendered May 19, 1995, convicting him of burglary in the second degree under Indictment No. 12429/94, burglary in the second degree under Indictment No. 13194/94, and burglary in the first degree under Indictment No. 1967/95, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Appellate review of the issues raised by the defendant was effectively waived by him as part of his plea agreements. Accordingly, the judgments of conviction are affirmed (*see, People v Callahan*, 80 NY2d 273; *People v Seaberg*, 74 NY2d 1). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.