■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LORUSSO, Appellant. [670 NYS2d 120] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered September 18, 1995, convicting him of robbery in the second degree (two counts), criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the hearing court erred by concluding that his right to counsel was not violated when the police conducted an investigatory lineup in the absence of his attorney. We disagree.

When reviewing a determination of a hearing court, its findings of fact and determinations of credibility must be accorded great deference, as that court had the opportunity to view the witnesses during their testimony (*see, People v Prochilo,* 41 NY2d 759; *People v Snell,* 239 AD2d 529). Here the hearing court credited the evidence adduced by a detective that the defendant's attorney was notified of an impending lineup but failed to appear, as opposed to the vague and incredible testimony of that attorney. Under these circumstances, there was no violation of the defendant's constitutional right to counsel (*see, People v Cherry,* 161 AD2d 185, 186).

There is no merit to the defendant's argument that certain remarks made by the prosecutor during summation constituted reversible error. Most of the challenged remarks are not preserved for appellate review since the defendant either failed to object to them or failed to seek any further relief when his objections were sustained (*see, People v Moore,* 226 AD2d 745). In any event, while some of the comments would have been better left unsaid, they were nevertheless harmless (*see, People v Moore, supra*).

The defendant's remaining contentions are without merit. Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.