■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES C. DAVID, JR., Appellant. [679 NYS2d 757] —White, J. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered June 23, 1997, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the third degree and criminally using drug paraphernalia in the second degree.

Upon retrial following our prior decision (234 AD2d 787, *lv denied* 89 NY2d 1034), defendant was convicted, *inter alia*, of

the crime of criminal possession of marihuana in the third degree. On this appeal, he claims that this conviction is not supported by legally sufficient evidence in that there is no competent proof that he knowingly possessed more than eight ounces of marihuana.* We disagree. Upon reviewing the record we find that the evidence is legally sufficient to establish that defendant exercised dominion and control over the contraband seized therein (*see, People v Diaz*, 220 AD2d 260; *compare, People v Swain*, 241 AD2d 695). Further, considering the significant quantity of drugs and drug paraphernalia that were seized, the jury could rationally conclude that defendant was involved in drug-selling activity and was sufficiently familiar with drugs so as to be able to determine the weight of the marihuana (*see, People v Hardy*, 226 AD2d 652, *lv denied* 88 NY2d 936; *People v Graham*, 209 AD2d 822, *lv denied* 84 NY2d 1011).

Besides this conviction, defendant was also convicted of the crimes of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. The jury, however, acquitted him of the charge of criminal possession of a weapon in the third degree. Defendant contends that these verdicts are repugnant since an essential element of all the charges was constructive possession and thus it was illogical for the jury to have found that he did not constructively possess the weapon while at the same time finding that he constructively possessed the drugs. This claim is not properly before us since defendant did not raise it before the jury was discharged (*see, People v Alfaro*, 66 NY2d 985, 987; *see also*, 5 Zett, NY Crim Prac ¶ 33.7 [6]). Were we to consider the merits, we would reject defendant's argument since the verdicts may be harmonized inasmuch as the elements of the crimes as charged were not identical. Thus, while the jury could have concluded that defendant constructively possessed the weapon, it may have concluded that he did not do so knowingly or that the weapon was inoperable, elements discrete from those comprising the other charged crimes (*see, People v Tucker*, 55 NY2d 1, 6-7; *People v Feerick*, 241 AD2d 126, 140-141; *People v Baeza*, 125 AD2d 318, *lv denied* 69 NY2d 824).

Lastly, defendant's contention that he was entitled to a charge of a lesser included offense was not preserved for our review since it was not requested by defendant (*see, People v*

* This issue is before us as defendant's crimes occurred prior to the legislative annulment of the holding in *People v Ryan* (82 NY2d 497; *see*, L 1995, ch 75).

*Borrello*, 52 NY2d 952, 953). In any event, in the absence of a request, County Court's failure to submit a lesser included offense is not error (*see*, CPL 300.50 [2]).

For these reasons, we affirm defendant's judgment of conviction.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.