■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN R. WILSON, Respondent. [619 NYS2d 884] —Peters, J. Appeal from an order of the County Court of Schenectady County (Harrigan, J.), entered March 18, 1994, which, *inter alia,* granted defendant's motion to reduce the indictment pursuant to CPLR 210.30.

Defendant made a motion to reduce the single-count indictment which charged him with criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree upon the ground that the People failed to adduce legally sufficient evidence establishing that defendant had knowledge of the weight of the cocaine he possessed. Finding the proof presented to the Grand Jury insufficient to establish the mens rea element of Penal Law § 220.21 (1), County Court granted defendant's motion.

Addressing the legal sufficiency of the evidence before the Grand Jury, we note that the proper inquiry is whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(see, People v Pelchat,* 62 NY2d 97, 105). All

---

questions as to the quality or weight of such evidence must be deferred *(see, People v Jennings,* 69 NY2d 103, 115). In applying such standard, we find that there was legally sufficient evidence to establish a prima facie case on the requisite element of defendant's knowledge of the weight of the cocaine and therefore reduction to the lesser charge was error.

Pursuant to the Court of Appeals decision in *People v Ryan* (82 NY2d 497), knowledge of the weight of a controlled substance may be inferred by "negotiations concerning weight, potency or price" or from a showing of defendant's handling of the controlled substances where, as here, such substances are measured on an aggregate weight basis *(supra,* at 505). The Grand Jury minutes in the instant case reveal that defendant and a companion traveled to New York City where they were approached, while walking on the streets of the Bronx, by an unknown seller. While their joint funds were used to make the purchase, only the companion completed the transaction. The cocaine was transported by defendant and his companion on a train from New York City to Schenectady County. After leaving the Schenectady Amtrak station, defendant was observed passing a package to the companion which was later retrieved from the companion and found to be cocaine. The package, weighing over seven ounces, contained cocaine wrapped in three layers of saran wrap with vaseline covering the first and second layers. It was approximately seven inches long, four inches in diameter and cylindrically shaped.

Considering this evidence in the light most favorable to the People, we find such evidence, unexplained and uncontradicted, sufficient to permit the Grand Jury to infer that defendant had knowledge that the aggregate weight of the controlled substance he possessed was more than four ounces *(see, People v Ryan, supra,* at 499; *People v Contes,* 60 NY2d 620; *People v Dillon,* 207 AD2d 793; *People v Defares,* 209 AD2d 875).

Accordingly, County Court's order is modified by reversing defendant's motion and reinstating the indictment.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted defendant's motion; said motion denied and indictment reinstated; and, as so modified, affirmed.