■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM L. SMITH, Respondent. [625 NYS2d 114] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Jefferson County Court for further proceedings on the indictment. Memorandum: County Court erred in dismissing the indictment upon the ground of insufficient evidence. "On a motion addressed to sufficiency of an indictment (CPL 210.20 [1] [b]) * * * the defendant is entitled to a review based on whether there was competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission of it (CPL 70.10 [1]; *People v Jennings,* 69 NY2d 103, 115)" *(People v Mikuszewski,* 73 NY2d 407, 411; *see also, People v Manini,* 79 NY2d 561, 568). "The test of legal sufficiency in this context is whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would be sufficient to warrant conviction by a trial jury" *(People v Manini, supra,* at 568-569). The People need not establish reasonable cause to believe that defendant committed the crime charged *(People v Reyes,* 75 NY2d 590, 593; *People v Mikuszewski, supra,* at 411).

The indictment charges defendant with criminal possession of a narcotic drug with the intent to sell, in violation of Penal Law § 220.16 (1). A Grand Jury may infer that defendant had an intent to sell from evidence that he possessed a quantity of a narcotic drug packaged in a particular manner *(see, People v Hernandez,* 71 NY2d 233, 245-246 [21 glassines of cocaine]). The evidence before the Grand Jury established that defendant possessed 10 small glassine Ziploc bags containing a total of 1.28 grams of cocaine enclosed in a larger glassine bag and seven glassine bags containing a total of 9.09 grams of marihuana. A narcotics investigator testified that, based on his training and experience, a person with individual bags of cocaine of that size and quantity may intend to distribute the drugs. That evidence, if unexplained and uncontradicted, is legally sufficient to warrant an inference of intent to sell and to support a jury conviction. (Appeal from Order of Jefferson County Court, Clary, J.—Dismiss Indictment.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.