OPINION OF THE COURT
Smith, J.
The issue in these cases is whether the evidence before the Grand Jury was sufficient to support charges of criminal possession of contraband under our decision in People v Ryan (82 NY2d 497). Ryan requires that the People demonstrate sufficient legal evidence of a defendant’s knowledge of the weight of prohibited drugs to sustain the possession charges in these cases. The evidence of defendant’s knowledge in Sanchez was sufficient whereas such evidence in Garcia was insufficient.
In People v Sanchez, two police officers were on routine motor patrol in Bronx County when they observed a car with its trunk lock "popped out.” They directed the driver of the car to stop. As the officers approached the car, a single passenger in the rear appeared to be fumbling with something. That passenger opened the rear door and attempted to flee. One of the officers grabbed him, and, after a struggle, succeeded in removing defendant’s hand from his left front outer jacket pocket. The officer recovered a brown paper bag *31 which, upon later discovery, contained cocaine of an aggregate weight of 8% ounces. The motion court concluded that the evidence, before the Grand Jury, of defendant’s knowledge of weight was legally insufficient to sustain the charge of criminal possession of a controlled substance in the first degree. It, therefore, reduced count one of the indictment from criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree. The Appellate Division affirmed.
In People v Garcia, the police stopped defendant for a traffic infraction while he was driving in Bronx County. A plastic bag containing 3XA ounces and 3 grains of cocaine was recovered from the automobile. The motion court found no evidence of defendant’s knowledge of the weight was presented to the Grand Jury. It reduced count one of the indictment from criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the seventh degree. It also dismissed count two of the indictment which charged criminal possession of a controlled substance in the third degree. The Appellate Division modified in Garcia by reinstating count two, and otherwise affirmed.
In a joint memorandum which determined both Sanchez and Garcia, the Appellate Division noted that the trial court properly concluded that the evidence before the Grand Jury was insufficient to establish that defendants possessed the requisite knowledge of the weight of the substance they possessed. Regarding Garcia, the Appellate Division determined that the trial court erred by dismissing count two of the indictment charging defendant with criminal possession of a controlled substance in the third degree. The Court reasoned that intent to sell may be established by proof that a defendant possessed a significant quantity of drugs, citing People v Alvino (71 NY2d 233, 245). Thus, as to Garcia, the Appellate Division reinstated count two of the indictment. A Judge of this Court granted the People leave to appeal in both cases, and, in Garcia, granted defendant leave to cross-appeal.
The People argue that the indictments were supported by sufficient evidence. Defendant Sanchez contends that the motion court properly reduced the first count of the indictment. Defendant Garcia, like Sanchez, claims that the indictment in his case was insufficient, and, additionally, urges that the Appellate Division erred by reinstating the count of his indictment for criminal possession of a controlled substance in the third degree.
*32 In Ryan, we determined that the Legislature did not intend to make the weight of a drug a strict liability element. The felony-weight offenses of possession of a controlled substance therefore contain an element of mental culpability as to the weight of the drugs possessed.
As we wrote in Ryan:
"Often there will be evidence from which the requisite knowledge may be deduced, such as negotiations concerning weight, potency or price (see, e.g., People v Acosta, 80 NY2d 665, 668, n 1, and 672-673). Similarly, for controlled substances measured on an 'aggregate weight’ basis (see, e.g., Penal Law § 220.06 [2]), knowledge of the weight may be inferred from defendant’s handling of the material, because the weight of the entire mixture, including cutting agents, is counted * * *.
"By contrast, that same inference may be unavailable for controlled substances measured by 'pure’ weight, like psilocybin. The effective doses of these drugs may be minuscule, and they are customarily combined with other substances to facilitate handling and use. In these circumstances it may indeed be difficult to show defendant’s knowledge of the weight. Although we cannot simply read the knowledge requirement out of the statute, these 'compelling practical considerations’ may inform our interpretation of that element (see, People v Mizell, 72 NY2d, at 654)” (82 NY2d, at 505).
We went on to say that, at a minimum, a person in possession of drugs is not "deserving of enhanced punishment unless he or she is aware that the amount possessed is greater” than the statutory threshold (id., at 505). Where culpability is based on pure, as opposed to aggregate, weight, possession alone does not give rise to such an inference. We concluded with the observation that our purpose was "not to survey all of the permissible methods [of proving weight] but to clarify that the statute does in fact contain a weight-related mental culpability element” (id., at 506).
Having made that ruling in Ryan, we are now called upon in these cases to perform the additional task we were not required to undertake there: to survey permissible methods of proving a defendant’s knowledge.
Knowledge, like other forms of mental culpability, typically *33 is established directly by admission, circumstantially by conduct, or indirectly by contradictory statements from which guilt may be inferred (People v Reisman, 29 NY2d 278, 285; see also, People v Mizell, 72 NY2d 651, 656; People v Barnes, 50 NY2d 375, 381; People v Sierra, 45 NY2d 56, 60). Where a defendant possesses illegal drugs, we have recognized that possession alone suffices to permit the inference that the possessor knows the nature of what is possessed, especially (but not exclusively) if it is in the defendant’s hands or vehicle or on the defendant’s person or premises (Reisman, 29 NY2d, at 285-286). Inferences of knowledge are rooted in probabilities based on experience and proof (id.).
Where the inference to be drawn is that of weight — as opposed to the bare fact that the substance possessed was an illegal drug — possession alone does not readily support the conclusion that defendant was also aware that the drugs possessed were of a certain weight. In order to avoid overpenalizing someone who "unwittingly possesses a larger amount of a controlled substance than anticipated” (Ryan, 82 NY2d, at 505), there generally must be additional evidence from which knowledge of weight in particular can be inferred. We emphasize that it is culpability for "unwitting” possession we seek to avoid. There may be instances where possession combined with other factors — such as the substantial quantity of drugs possessed or the manner in which they are packaged— supports the conclusion that defendant was aware of the weight of the drugs possessed.
"Handling” of drugs, contrary to the interpretation of some lower courts, is not limited to instances where the defendant manipulates the substance in the process of manufacture and packaging of drugs. It merely connotes sufficient contact with the substance to experience its weight — to give rise to a probability defendant became aware of the weight of the drugs in his possession. Such contact need not lead to precise knowledge of weight in ounces or grams. One need not know the precise weight, in pounds and ounces, of a cantaloupe to know that it has a certain heft, and is heavier than an orange. When one is charged with discerning minuscule variations in weight, however — assessing the difference in weight between two and seven grapes, for example — presumptions break down. In many drug prosecutions, similarly, a defendant’s level of culpability could increase drastically by the presence of milligrams above the statutory threshold. Presuming the defendant knew the weight of the drugs was just *34 above — as opposed to just below — the statutory threshold is problematic. Possession alone could rarely be enough in such a close case.
Some cases are simpler than others. When drugs are packaged in vials, with roughly the same quantity in each vial throughout the drug-dealing industry, possession of a specific number of vials of cocaine would generally give rise to an inference defendant knew he possessed that particular quantity of drugs (see, e.g., Ryan, 82 NY2d, at 506 [discussing evidence that, typically, possession of "dose” of drug is evidence of knowledge of weight of dose]). Where there is evidence of the price paid for a quantity of drugs, then there is evidence defendant knew its weight, since value is based on weight.
In People v Sanchez there was more than mere possession of an indeterminate quantity of drugs. Sanchez had over eight ounces of cocaine on his person, more than twice the threshold amount for criminal possession of a controlled substance in the first degree. The evidence need not establish awareness, down to the last grain, of the precise weight of drugs in the defendant’s possession. Possession of such a substantial quantity of drugs was evidence that he was aware he possessed at least half that amount, and thus was sufficient for the Grand Jury to indict.
Furtive conduct — while present here — is not particularly probative, since possession of any amount of controlled substance is a crime (People v Mizell, supra) and even a person unaware of the quantity of drugs possessed might try to conceal possession of a substance known to be illegal. Defendant Sanchez struggled against arrest, but that conduct alone did not establish that he was an experienced courier of drugs, familiar with drugs and drug trade. In his case, therefore, possession alone of an amount of drugs well in excess of the threshold amount was sufficient to support an inference of knowledge that he possessed at least the threshold amount.
In People v Garcia, possession alone is not enough to establish knowledge of weight because the amount possessed was so close to the statutory limit of two ounces, and no other circumstances indicated familiarity with drugs that might lead to knowledge of weight. As we observed in Ryan, there may be instances where it is indeed difficult to show defendant’s knowledge of the weight, but we cannot simply read the knowledge requirement out of the statute (Ryan, 82 NY2d, at *35 505). While the practical considerations of the difficulties in prosecuting drug possession cases may inform our interpretation of that element, there may be instances where the People will simply have to proceed with a lesser degree offense in order to make out a legally sufficient case. Where a minute quantity of drugs lifts the defendant over the threshold to a higher count of drug possession, possession of that greater amount may be unwitting. In that instance, there is legally insufficient evidence to support the element of knowledge of weight.
For these same reasons, the order of the Appellate Division, insofar as it reinstated Garcia’s conviction of third degree possession with intent to sell, must be reversed. While defendant’s possession of a "substantial” quantity of drugs can be cited as circumstantial proof of an intent to sell (People v Alvino, 71 NY2d 233, 245, supra), it cannot be said as a matter of law that the quantity of uncut and unpackaged drugs possessed in this case permitted an inference that defendant intended to sell them. More than mere possession of a modest quantity of drugs, not packaged for sale and unaccompanied by any other saleslike conduct, must be present for such an inference to arise. We caution, however, that we do not conclude here that possession of 314 ounces of cocaine, as a matter of law, cannot be a legally sufficient amount of contraband to support a sale charge. Our position is that, on these facts, there is no indication that defendant had knowledge of the weight of the drugs. None of the commonly known indicia of weight, such as telltale packaging, knowledge of value, or a voluminous appearance of the drugs was present here (see, Ryan, 82 NY2d, at 506, supra).
Finally, People v Swamp (84 NY2d 725) does not require a different result. Swamp addressed the question of sufficiency of evidence that a substance possessed by defendant was an illegal drug, not sufficiency of evidence of defendant’s knowledge of weight. In order to present a legally sufficient case to the Grand Jury, the People need submit no more than "competent evidence which, if accepted as true” would establish each element of the crime (CPL 70.10 [1]). That standard is simply not met, however, where the sole evidence proffered on the element of knowledge of weight of drugs possessed is the bare fact that defendant possessed drugs of a quantity that rose just above the statutory threshold of two ounces.
Accordingly, in People v Sanchez, the order of the Appellate *36 Division should be reversed and defendant’s motion to reduce the charge in count one of the indictment denied. In People v Garcia, the order of the Appellate Division should be modified by dismissing count two of the indictment and, as so modified, affirmed.