■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAMON VIGO and MANUEL FAVEAN, Respondents. [635 NYS2d 201] —Order, Supreme Court, Bronx County (Frank Torres, J.), entered on or about November 21, 1994, which, *inter alia*, granted defendants' motion to reduce the first count of indictment #2693/94, charging defendants with criminal possession of a controlled substance in the first degree, to criminal possession of a controlled substance in the seventh degree, unanimously reversed, on the law, and said count reinstated.

Viewing the evidence in a light most favorable to the prosecution (*People v Pelchat*, 62 NY2d 97, 105), and taking into account the statutory presumption that the presence of a controlled substance in an automobile is presumptive evidence of knowing possession thereof by each person in the automobile (Penal Law § 220.25; *People v Dillon*, 207 AD2d 793, 797, *lv granted* 86 NY2d 793), we find that the evidence presented to the Grand Jury showing that the duffel bag found on the passenger seat of a taxi between the defendants contained more than two pounds of cocaine was sufficient to establish a prima facie case that each of the defendants knowingly possessed four ounces or more of a substance containing a narcotic drug, as is required to establish the crime of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]).

Moreover, a Grand Jury need not be charged with the same degree of precision as a petit jury (*People v Valles*, 62 NY2d 36, 38; *People v Calbud, Inc.*, 49 NY2d 389, 394). In this case, the charge to the Grand Jury, which tracked the statutory language describing the elements of criminal possession of a controlled substance in the first degree, was sufficient to enable the Grand Jury to determine whether there existed legally sufficient evidence to establish the material elements of the crime, and the prosecutor's failure to specifically apprise the Grand Jury that the evidence must show that each defendant knew that he possessed the requisite weight of controlled substance

(*see, People v Gray*, 86 NY2d 10, 22; *People v Ryan*, 82 NY2d 497) was not so misleading as to impair the integrity of the Grand Jury, as is required for dismissal (CPL 210.35 [5]; *People v Darby*, 75 NY2d 449, 455). Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.