■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS DELACRUZ, Respondent. [636 NYS2d 6] —Order, Supreme Court, Bronx County (Harold Silverman, J.), entered May 16, 1995, which granted defendant's motion to reduce count one of the indictment charging him with criminal possession of a con-

trolled substance in the first degree to criminal possession of a controlled substance in the seventh degree and to dismiss count two of the indictment charging him with criminal possession of a controlled substance in the third degree, unanimously modified, on the law, to the extent of vacating the reduction of the first count of the indictment to criminal possession of a controlled substance in the seventh degree and instead reducing this count to criminal possession of a controlled substance in the second degree, and otherwise affirmed.

Viewing the evidence presented to the Grand Jury in a light most favorable to the People (*People v Wilson,* 210 AD2d 666, *lv denied* 85 NY2d 945), the court properly determined that it was insufficient to support the first count of the indictment charging defendant with criminal possession of a controlled substance in the first degree since the mere fact that he was seen placing a package containing $4^3/8$ ounces of cocaine under a seat of a cab, without more, failed to establish that he had knowledge that he possessed at least four ounces, the amount required by statute (Penal Law § 220.21; *cf., People v Sanchez,* 86 NY2d 27, 34). However, the count should have been reduced to the lesser included offense of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) since, for Grand Jury purposes, the totality of the evidence was sufficient to establish that defendant knowingly possessed at least two ounces, the statutory threshold for second degree possession (*People v Sanchez, supra; People v Wilson, supra*).

The second count of the indictment charging defendant with possession with intent to sell was properly dismissed since the Grand Jury improperly drew an inference of an intent to sell from defendant's mere possession of $4^3/8$ ounces of drugs, which were not packaged for sale and "unaccompanied by any other saleslike conduct" (*People v Sanchez, supra,* at 35). Concur— Murphy, P. J., Rosenberger, Ross, Nardelli and Mazzarelli, JJ.