(December 21, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant. [635 NYS2d 620] —Judgment of the

Supreme Court, New York County (Rose Rubin, J.), rendered December 21, 1992, after a jury trial, convicting defendant of criminal possession of a controlled substance in the fourth degree, and sentencing him as a second felony offender to a term of 4 to 8 years, modified on the law, the facts, and as an exercise of discretion in the interest of justice, to reduce the conviction to one for criminal possession of a controlled substance in the seventh degree, and the matter is remanded for resentencing.

The defendant stands convicted of criminal possession of a controlled substance in the fourth degree upon proof which when viewed in the light most favorable to the People establishes that defendant possessed vials of cocaine the contents of which aggregated to a weight of one-eighth of an ounce and two grains—just two grains in excess of the statutory threshold for liability.* Although defendant challenges the sufficiency of the proof of the drug's weight, urging that the Police Department chemist who testified on the People's behalf did not actually weigh the seized drugs but rather assigned them an estimated and therefore insufficiently reliable weight using a sampling method, the Court of Appeals has apparently held that the use of precisely such a sampling method does not impair the sufficiency of the evidence of drug weight (*see*, *People v Hill*, 85 NY2d 256; *People v Argro*, 37 NY2d 929).

Also required for a conviction of the subject offense, however, was proof beyond a reasonable doubt that defendant knew that the cocaine possessed by him weighed at least one-eighth of an ounce (*see*, Penal Law § 220.09 [1]; *People v Ryan*, 82 NY2d 497, 502-505), and indeed the jury was so charged: "A person is guilty of criminal possession of a controlled substance in the fourth degree when he knowingly and unlawfully possesses one more *[sic]* more preparations, compounds, mixtures or substances of an aggregate weight of one eighth ounce or more containing a narcotic drug . * * * A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense, when he is aware that his conduct is of such nature or that such circumstance exists."

While the legal sufficiency of the evidence respecting defendant's knowledge of the weight of the cocaine is beyond

---

* One grain, it should be noted, is equal to 0.0648 gram. As the chemist who testified for the People stated, two grains would be approximately equivalent in weight to one-fifth of an aspirin tablet.

our review, the issue not having been preserved at trial (*People v Gray*, 86 NY2d 10), it is clear that this circumstance in no way precludes exercise of our unique power of factual review to ascertain whether the evidence was appropriately weighed by the trier of fact (*People v Bleakley*, 69 NY2d 490, 495). Indeed, in a case such as this one where a different factual finding—here, respecting the state of the defendant's knowledge—would not have been unreasonable, this Court's weight of the evidence review is not merely permitted but obligatory (*supra*, at 495).

According the jury's findings the deference they are due in the context of weight of the evidence review (*supra*), we are nevertheless constrained to conclude that such evidence as there was of defendant's knowledge of the weight of the cocaine did not warrant the inculpatory factual inference the jury drew. The principal evidence probative of defendant's knowledge of the cocaine's weight was the circumstance that he possessed it. Yet, while possession may weigh in favor of an inculpatory inference, particularly in a situation where the weight of the drugs is well—indeed perceptibly well—in excess of the statutory threshold for liability, it cannot fairly be said to do so here where the contraband was shown to have weighed no more than a mere two grains in excess of the amount required for liability (*see*, *People v Sanchez*, 86 NY2d 27, 33-34). Indeed, it is precisely in situations such as this where the statutory threshold is breached by the tiniest of increments, that the presumption upon which the People would rely—namely, that of guilty knowledge from the circumstance of possession—breaks down (*supra*). It simply is not probable and therefore cannot be presumed that defendant could have gathered from the "heft" of the vials he had in his pocket—vials ultimately found to contain one-eighth of an ounce and two grains of cocaine—that the aggregate weight of the vials' contents was in fact one-eighth of an ounce or more. Manifestly, defendant would have had to possess the inhuman acuity of a precision scale to have acquired the requisite guilty knowledge by dint of mere handling under the circumstances here obtaining.

Nor, alternatively, do we think the necessary inculpatory inference could have been fairly drawn from the trial evidence indicative of defendant's involvement in the drug trade. At most, that evidence showed the defendant to have been a street-level cocaine dealer. And, so far as can be ascertained from the proof, as a street-vendor, defendant marketed drugs not by weight but by dose, i.e., by the vial. From defendant's perspective then the value of the drugs he possessed was a function of

the number of vials he had, not the aggregate weight of the drugs in and exclusive of those vials. Thus, while there are undoubtedly instances in which knowledge of drug value is probative of knowledge of drug weight, this is not one of them. Having been found in possession of some 44 vials of cocaine and having been observed engaging in activity characteristic of a street-level narcotics entrepreneur, defendant may doubtless be fairly charged with knowledge of the nature and street value of the contraband seized from him, matters about which he would certainly have been informed as an incident of his apparent trade. But, as noted, because cocaine was not at his demonstrated level of operation marketed by weight, defendant's undoubted knowledge of contraband value simply does not translate into knowledge of drug weight. Had there been proof that the cocaine possessed by defendant was marketed in vials of a standard weight of which the defendant was aware, and that weight when multiplied by 44 amounted to at least one-eighth of an ounce, the necessary inference might perhaps have been appropriately drawn. But no proof, either of a prevailing individual vial weight or the defendant's knowledge thereof, was adduced at defendant's trial. While defendant may have been no novice to the drug trade and may have been generally knowledgeable about its operation, there are still limits upon the specific inculpatory inferences which may be appropriately drawn from that set of circumstances; the defendant's general knowledge notwithstanding, what the statute required in the particular factual context here presented in which the statutory weight threshold was exceeded by a mere two grains, was proof that the defendant knew with a fair degree of precision the weight of the drugs he possessed. Such proof, however, was never presented. In its absence, the jury's finding that the defendant knew that he possessed at least one-eighth of an ounce of cocaine would seem to have been attributable more to impermissible speculation than to any legitimate probative force the evidence fairly considered may be said to have possessed. Accordingly, we believe the verdict convicting defendant of criminal possession of a controlled substance in the fourth degree to have been against the weight of the evidence, and that the defendant's conviction should be modified and reduced to one for seventh degree criminal possession of a controlled substance. Concur—Murphy, P. J., Ellerin, Asch and Mazzarelli, JJ.

Kupferman, J., dissents in a memorandum as follows: Defendant failed to preserve by appropriate and timely objection his current claim that the People failed to prove beyond a reasonable doubt his knowledge of the weight of the drugs possessed

(*People v Gray*, 86 NY2d 10). Were we to review the claim in the interest of justice, we would find no basis for reversal. We note that the jury heard evidence that the drugs in question were packaged in 44 vials containing roughly the same quantity, that the vials were sealed with "trademark" colored caps common in the street sale of narcotics, and that the drugs had been processed and packaged not long before defendant's observed close personal handling of the drugs and entrepreneurial behavior in connection therewith, all providing a reasonable inference that defendant knew the quantity of the drugs possessed (*People v Sanchez*, 86 NY2d 27, 34).

The expert testimony regarding analysis and weighing of the drugs in question, as well as the statistical sampling technique used herein and the vials in question, were also properly placed before the jurors for consideration. Their determination that the statistical analysis testimony of the witness established the weight of the drugs is supported by the record and should not be disturbed by this Court (*People v Hill*, 85 NY2d 256, 261).