■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD FRAZIER, Respondent. [638 NYS2d 88] —Order of the Supreme Court, Bronx County (John P. Collins, J.), entered February 28, 1994, to the extent that it granted defendant's motion to reduce count four of the indictment, charging criminal possession of a controlled substance in the fourth degree, to criminal possession of a controlled substance in the seventh

degree, unanimously reversed, on the law, the indictment reinstated, and the matter remitted to Supreme Court for further proceedings pursuant to CPL 470.45.

Defendant was charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Defendant submitted an omnibus motion seeking, *inter alia*, an order "[d]ismissing the indictment pursuant to CPL [210.20 (1) (b)] on the grounds that the evidence presented the *[sic]* grand jury failed to establish legally sufficient grounds for all counts returned, or any lesser included offenses." The affirmation in support of the motion alleges that "the People failed to adduce competent, admissible evidence which establishes each and every element of the subject crime, or any lesser included offense", requesting dismissal or, in the alternative, "reduction of the charges."

The order appealed from, entered February 28, 1994, is silent as to the ground upon which the court reduced count four of the indictment. In a subsequent order dated August 19, 1994, Supreme Court recited that count four was reduced pursuant to *People v Ryan* (82 NY2d 497).

Indictment is authorized when the Grand Jury receives competent evidence sufficient to establish each element of the offense and to provide probable cause to believe the accused committed the offense (CPL 70.10, 190.65). The legal sufficiency of the element of a defendant's knowledge of the weight of drugs in his possession was recently discussed in *People v Sanchez* (86 NY2d 27). " 'Handling' ", the Court instructed "is not limited to instances where the defendant manipulates the substance in the process of manufacture and packaging of drugs. It merely connotes sufficient contact with the substance to experience its weight—to give rise to a probability defendant became aware of the weight of the drugs in his possession." *(Supra,* at 33.) The Court went on to state *(supra,* at 34), "When drugs are packaged in vials, with roughly the same quantity in each vial throughout the drug-dealing industry, possession of a specific number of vials of cocaine would generally give rise to an inference defendant knew he possessed that particular quantity of drugs *(see, e.g., Ryan,* 82 NY2d, at 506 [discussing evidence that, typically, possession of 'dose' of drug is evidence of knowledge of weight of dose]). Where there is evidence of the price paid for a quantity of drugs, then there is evidence defendant knew its weight, since value is based on weight."

Construing the evidence in support of the indictment in a light most favorable to the People (*People v Warner-Lambert Co.*, 51 NY2d 295, 299, *cert denied* 450 US 1031), defendant sold one vial of crack cocaine to an undercover police officer for the sum of one dollar. At the time he was taken into custody, defendant's accomplice, Phillip Arroyo, dropped a bag to the ground containing 233 vials of crack having an aggregate weight of $1/4$ ounce and 27 grains of cocaine. This is more than twice the amount specified in the statute to support conviction for criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Contrary to defendant's contention, the number of vials recovered and defendant's participation in the sale of the contraband provided more than sufficient evidence to permit the Grand Jury to infer that defendant knowingly possessed $1/8$ ounce or more of a narcotic substance (*People v Sanchez, supra,* at 34). Concur—Rosenberger, J. P., Rubin, Kupferman and Mazzarelli, JJ.