(April 25, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BERNARD BARRY, Respondent. [641 NYS2d 280] —Order, Supreme Court, Bronx County (Nicholas J. Iacovetta, J.), entered March 4, 1994, which granted defendant's motion to reduce the single count of the indictment from criminal possession of a controlled substance in the fourth degree to criminal possession in the seventh degree, unanimously reversed, on the law, the original indictment reinstated, and the matter remanded for further proceedings.

At 7 o'clock on a Saturday morning in February 1991, a narcotics undercover police officer approached defendant on a street in the Mott Haven section of the Bronx, attracted by the orange-capped vials protruding from the latter's coat pocket. The officer recovered 73 such vials, all held together on a long strip of tape, each vial containing "a white rock-like substance." Defendant told the Grand Jury that he had discovered this bundle of "drugs" on the hallway floor as he was emerging from his apartment building. He had picked them up to give to the police outside or to throw in the garbage, because he didn't want them to be found by the "young kids" who frequently

played in the building, some of whom "don't live with me but they come and visit [me]". The contents were later analyzed and determined to aggregate one-quarter ounce plus fourteen grains (a total of 123.375 grains) of cocaine.

Criminal possession of a controlled substance in the fourth degree requires knowing possession of an aggregate of at least one-eighth ounce (54.6875 grains) of a narcotic drug (Penal Law § 220.09 [1]). Citing a lack of evidence before the Grand Jury to support an inference that defendant knew the weight of the narcotic contraband (*People v Ryan*, 82 NY2d 497), the IAS Court reduced the charge to seventh degree possession (Penal Law § 220.03), which does not require knowledge of a specific weight.

The purpose of the knowledge requirement, according to *Ryan*, is to prevent "overpenalizing someone who unwittingly possesses a larger amount of a controlled substance than anticipated" (*supra*, at 505). "The evidence need not establish awareness, down to the last grain, of the precise weight of drugs in the defendant's possession" (*People v Sanchez*, 86 NY2d 27, 34). Indeed, in some cases, inference as to weight is a foregone conclusion (*People v Vigo*, 222 AD2d 261 [two pounds of cocaine clearly met the statutory threshold of four ounces]). In the closer cases, awareness of the threshold weight can be inferred from the contraband's "heft," where possession is supplemented by such factors as the substantiality of amount involved or the manner in which it is packaged (*People v Sanchez, supra*, at 33), the process in which it is handled by the defendant during an observed transaction (*see, People v Douglas*, 205 AD2d 280, 282, *affd* 85 NY2d 961), or the defendant's proven involvement in the marketing of drugs and drug paraphernalia (*People v Love*, 204 AD2d 97, 98, *affd* 84 NY2d 917).

Needless to say, it would be quite difficult for a grand or petit juror to infer knowledge of the statutory threshold weight where the actual weight exceeds that mark by a razor-thin margin (*People v Rivera*, 222 AD2d 317), or even by a greater margin where there is no supplemental evidence of familiarity with drugs (*People v Garcia*, 86 NY2d 27, 34). On the other hand, the existence of supplemental evidence will support such an inference (*e.g., People v Laws*, 216 AD2d 180, *lv denied* 86 NY2d 844; *People v Love, supra*), especially where, as here, the amount in possession is more than double the statutory threshold (*see, People v Sanchez, supra; People v Miller*, 209 AD2d 187, *affd* 85 NY2d 962; *People v Douglas, supra*). The supplemental evidence in this instance consisted of numerous vials of

a contraband substance (see, People v Miller, supra; People v Douglas, supra) which were uniform in appearance and prepared in such a way as to facilitate marketing in a drug-prone neighborhood.

An indictment is validly returned if there is reasonable cause to believe the accused committed the crime, based upon "legally sufficient evidence" (People v Jennings, 69 NY2d 103, 115), which is a standard lower than that required of a petit jury. The District Attorney's reading of the statute to the Grand Jury, including the requirement that they find the accused "knowingly * * * possesse[d] * * * an aggregate weight of one-eighth ounce or more containing a narcotic drug", met the standard for sufficiency of instruction (People v Dillon, 88 NY2d 885). Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.