■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS EMILIO ROBERTO, Respondent. [641 NYS2d 274] —Order of the Supreme Court, New York County (Richard Andrias, J.), entered on or about September 20, 1994, which granted defendant's motion to inspect the Grand Jury minutes and to

dismiss the indictment to the extent of reducing the only count of the indictment from criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree, unanimously reversed, on the law, the original indictment reinstated, and the matter remitted to Supreme Court for further proceedings pursuant to CPL 470.45.

Review of the record reveals that the evidence before the Grand Jury included testimony that an undercover police officer observed defendant exchanging large amounts of money with another individual, entering into a building, and then emerging quickly. In response to a radio call from the undercover officer, the back-up team, which was located in a car opposite the building, approached defendant by making a "u-turn" and driving "the wrong way, up" the street. Defendant then apparently reached "pretty deep in his pocket" and pulled out "a clear zip lock plastic bag with cocaine in it" that he threw on the hood of a parked car. The bag's contents had an aggregate weight of almost 10 ounces, and the substances included cocaine.

The IAS Court, relying on *People v Ryan* (82 NY2d 497) and other then-controlling precedent, granted that branch of defendant's motion which sought dismissal of the indictment to the extent of reducing the only count from a charge of criminal possession of a controlled substance in the first degree, to one charging criminal possession of a controlled substance in the seventh degree. Subsequent to the IAS Court's decision, the Court of Appeals decided *People v Sanchez* (86 NY2d 27), wherein it indicated that an inference of knowing possession can be drawn from "sufficient contact with the substance to experience its weight" thus giving "rise to a probability defendant became aware of the weight of the drugs in his [or her] possession" (*supra*, at 33). Here, when viewed in the light most favorable to the People, the totality of the evidence of defendant's handling of the drugs, his other conduct, and the substantial quantity of narcotics involved, almost $2^1/_2$ times the four ounce threshold minimum for the charge voted by the Grand Jury (Penal Law § 220.21 [1]), constitutes a sufficient basis from which the Grand Jury could infer that defendant knowingly possessed the substances containing a narcotic drug (*see, People v Frazier*, 224 AD2d 358). Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.