■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALEJANDRO DIAZ, Respondent. [641 NYS2d 672] —Order, Supreme Court, Bronx County (Alexander Hunter, J.), entered on or about October 4, 1994, which, *inter alia*, granted defendant's motion to reduce the first count of the indictment charging him with criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree, unanimously modified, on the law, to the extent of vacating such reduction and instead reducing this count to criminal possession of a controlled substance in the second degree, and otherwise affirmed.

Viewing the evidence presented to the Grand Jury in a light most favorable to the People (*People v Delacruz*, 222 AD2d 302), we conclude that the court properly determined that the evidence was insufficient to support the first count of the indict-

ment charging defendant with criminal possession of a controlled substance in the first degree. The mere fact that a package of heroin weighing 4¹/₂ ounces, 8 grains was found under a seat in a cab in which defendant and a cohort were passengers, without more, failed to establish that he had knowledge that he possessed at least the four ounces required by Penal Law § 220.21 (*supra*; *People v Rivera*, 222 AD2d 317; *compare, People v Sanchez*, 86 NY2d 27, 34; *People v Wilson,* 210 AD2d 666, *lv denied* 85 NY2d 945; *People v Vigo*, 222 AD2d 261), notwithstanding that the statutory presumption that the presence of a controlled substance in an automobile is presumptive evidence of knowing possession thereof by each person in the automobile (Penal Law § 220.25) was properly charged to the Grand Jury. However, the count should have been reduced to the lesser included offense of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) since, as we stated in *People v Delacruz (supra,* at 303), "for Grand Jury purposes, the totality of the evidence was sufficient to establish that defendant knowingly possessed at least two ounces, the statutory threshold for second degree possession". Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.