■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELVIS MARTINEZ, Respondent. [643 NYS2d 551]

The evidence presented to the Grand Jury that defendant was observed holding a bag of crack cocaine, later determined to weigh $2^1/8$ ounces and 21 grains, was insufficient to establish that he was aware that he possessed at least two or more ounces, the threshold amount required for the second-degree possession count (Penal Law § 220.18 [1]; *see, People v Sanchez,* 86 NY2d 27, 34-35). However, it was sufficient to establish his awareness that the cocaine weighed $1/8$ ounce, or more, the threshold for fourth-degree possession (Penal Law § 220.09 [1]; *see, People v Sanchez, supra,* at 34; *People v Frazier,* 224 AD2d 358). Accordingly, we reduce the first count of the original

indictment to fourth-degree possession, rather than seventh-degree possession. The prosecutor's charge to the Grand Jury, which tracked the statutory language for second-degree possession but did not specifically instruct on the knowledge-of-weight requirement, "was not so misleading as to impair the integrity of the Grand Jury" (*People v Vigo*, 222 AD2d 261, 262). The second count charging possession with intent to sell (Penal Law § 220.16 [1]) was properly dismissed on the ground that such an intent cannot be inferred from the amount of money ($110) and drugs possessed in this case, which were uncut, not packaged for sale and unaccompanied by any other saleslike conduct (*see, People v Sanchez, supra*, at 35; *People v Delacruz*, 222 AD2d 302). Concur—Murphy, P. J., Wallach, Rubin, Williams and Mazzarelli, JJ.