■ The People of the State of New York, Appellant, v Glenmore Campbell, Respondent. [646 NYS2d 115] —Order of the Supreme Court, Bronx County (Alexander Hunter, J.), entered June 6, 1994, which reduced count one of the indictment from criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the seventh degree, is unanimously modified, on the law and facts, to the extent of reducing count one of the indictment from criminal possession of a controlled substance in the second degree to criminal possession of a controlled substance in the third degree and otherwise affirmed.

In this case, Officer Diaz testified at the Grand Jury that when he approached a cab he and his partner had stopped for a traffic infraction, he saw defendant on the passenger side fumbling with his jacket and pulling it down over his front "to cover something," and when Diaz saw a "bulge" in defendant's jacket pocket, he asked defendant to step out of the cab. The officer's partner, Officer Desconovich, observed that defendant's pocket was "weighted down pretty heavily" and recovered from the pocket a cellular phone and a "sandwich bag" of cocaine weighing $3^1/_8$ ounces and 29 grains.

Defendant was indicted, in the first count, for criminal possession of a controlled substance in the second degree (possession of controlled substance two ounces or more in weight). The Supreme Court granted defendant's motion to reduce count one of the indictment from second-degree possession to criminal possession of a controlled substance in the seventh degree.

Defendant's handling of a sandwich bag containing a bit over $3^1/_8$ ounces of cocaine was insufficient to establish knowledge of weight that would support a charge of criminal possession in the second degree because "the amount possessed was so close to the statutory limit of two ounces, and no other circumstances indicated familiarity with drugs that might lead to knowledge of weight" (*People v Sanchez*, 86 NY2d 27, 34).

However, the Supreme Court erred in reducing the count to possession in the seventh degree when there *was* sufficient evidence to support a charge of criminal possession of a controlled substance in the third degree, which has a statutory minimum of one-half ounce. Thus, the Court of Appeals has stated:

" 'Handling' of drugs, contrary to the interpretation of some

lower courts, is not limited to instances where the defendant manipulates the substance in the process of manufacture and packaging of drugs. It merely connotes sufficient contact with the substance to experience its weight—to give rise to a probability defendant became aware of the weight of the drugs in his possession. Such contact need not lead to precise knowledge of weight in ounces or grams * * *

"In *People v Sanchez* there was more than mere possession of an indeterminate quantity of drugs. Sanchez had over eight ounces of cocaine on his person, more than twice the threshold amount for criminal possession of a controlled substance in the first degree. The evidence need not establish awareness, down to the last grain, of the precise weight of drugs in the defendant's possession. *Possession of such a substantial quantity of drugs was evidence that he was aware he possessed at least half that amount, and thus was sufficient for the Grand Jury to indict*". (*People v Sanchez, supra*, at 33-34; emphasis added.)

In a case very similar to this one, where the Supreme Court reduced a count of first degree possession to seventh degree possession, we modified to reduce the count to criminal possession of a controlled substance in the second degree (*People v Delacruz*, 222 AD2d 302). There, defendant was seen placing a package with $4^3/8$ ounces of cocaine under the seat of a cab. We found this, without more, failed to establish that he had knowledge that he possessed at least four ounces, the amount required by statute for first degree possession. However, we found that the court should have reduced to the lesser included offense of criminal possession of a controlled substance in the second degree "since, for Grand Jury purposes, the totality of the evidence was sufficient to establish that defendant knowingly possessed at least two ounces, the statutory threshold for second degree possession" (*supra*, at 303; *see also, People v Diaz*, 227 AD2d 167).

A fortiori, in the case before us, considering the evidence before the Grand Jury in the light most favorable to the People, the evidence that defendant "handled" drugs having an aggregate weight of more than six times the statutory minimum, unexplained and uncontradicted, was sufficient to permit the Grand Jury to infer that defendant had knowledge that the aggregate weight of the drugs he possessed was more than the one-half ounce minimum required for criminal possession in the third degree, and Criminal Term should have reduced to this lesser included offense. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.