■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN OLIVO, Respondent. [646 NYS2d 506] —Order of the Supreme Court, Bronx County (Richard Lee Price, J.), entered March 8, 1995, which granted defendant's motion to inspect the Grand Jury minutes and which, inter alia, granted his motion to dismiss indictment number 8344/94 to the extent of reducing count one of the indictment, criminal possession of a controlled substance in the first degree, and counts two and three, criminal possession of a controlled substance in the second degree, to three counts of criminal possession of a controlled substance in the seventh degree, unanimously reversed, to the extent appealed from, on the law, and counts one, two and three of the indictment reinstated.

The driver of the livery cab in which defendant was riding stopped behind a marked patrol car and sounded the horn. Their attention aroused, the police pulled up alongside the cab and observed defendant, seated in the back, leaning forward. Believing the cab driver's behavior to be unusual and regarding the passenger's movements as strange, the officers pulled the cab over and removed defendant from the back seat. One officer searched defendant, finding nothing incriminating. Meanwhile, the other officer searched the back seat area of the cab, finding two baseball-sized plastic bags wrapped in paper towels and secured by rubber bands. Laboratory analysis established that the packages contained cocaine and weighed $3^1/_2$ ounces, 13 grains and $3^1/_2$ ounces, 9 grains, respectively. In their testimony before the Grand Jury, one officer stated that he saw defendant bend down and lean forward, and the other officer stated that defendant appeared to reach beneath the seat. However, neither claimed to have seen defendant actually handle the packages of cocaine. Defendant was subsequently indicted for criminal possession of a controlled substance in the first degree, two counts of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

Defendant submitted an omnibus motion seeking, inter alia, inspection of the Grand Jury minutes and dismissal of the indictment on the ground that the Grand Jury was not pre-

sented with legally sufficient evidence to establish that defendant knowingly possessed the quantity of drugs specified by statute (*People v Ryan*, 82 NY2d 497). In order to sustain the first-degree count (Penal Law § 220.21 [1]), the evidence must tend to demonstrate that defendant knowingly possessed four ounces of cocaine (determined by aggregating the weight of the two packages) and, to sustain the two second-degree counts (Penal Law § 220.18 [1]), that he knowingly possessed two or more ounces of cocaine (based on the weight of each of the packages, individually). The sufficiency of the evidence sustaining the fourth count of the indictment, charging defendant with third-degree possession with intent to sell (Penal Law § 220.16), and the propriety of the search leading to the discovery of the narcotics are not in issue on this appeal.

On a motion directed at the sufficiency of an indictment (CPL 210.20 [1] [b]), the standard for review is whether the Grand Jury was presented with "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission of it" (*People v Mikuszewski*, 73 NY2d 407, 411 [citing CPL 70.10 (1); *People v Jennings*, 69 NY2d 103, 115]). Legally sufficient evidence "means simply a prima facie case" (*People v Swamp*, 84 NY2d 725, 730) which, when "viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction" (*supra,* at 730; *People v Galatro*, 84 NY2d 160, 163; *People v Mikuszewski, supra,* at 411; *People v Jennings, supra,* at 114).

In *People v Sanchez* (86 NY2d 27, 33), the Court of Appeals pointed out that the inference of a defendant's knowledge of the weight of drugs in his possession may be drawn from his "handling" of the contraband, which "merely connotes sufficient contact with the substance to experience its weight—to give rise to a probability defendant became aware of the weight of the drugs in his possession". The Court emphasized, "it is culpability for 'unwitting' possession we seek to avoid. There may be instances where possession combined with other factors—such as the substantial quantity of drugs possessed or the manner in which they are packaged—supports the conclusion that defendant was aware of the weight of the drugs possessed" (*supra,* at 33).

Where, as here, the packages possessed by the defendant each contain an amount just under the weight specified in the statute for the offense charged (four ounces in this case), the possession of two such packages permits the inference that the

defendant was aware that the aggregate weight exceeded the statutory specification (*see, People v Barry*, 226 AD2d 266; *People v Frazier*, 224 AD2d 358; *People v Vigo*, 222 AD2d 261). Defendant was the only person in the livery cab subject to the statutory presumption, which expressly excludes from its ambit "a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of his trade" (Penal Law § 220.25 [1] [a]). The obvious inference is that the contraband was present in the back-seat area of the livery cab because defendant put it there. Therefore, defendant had "sufficient contact" with the packages "to give rise to a probability defendant became aware of the weight of the drugs in his possession" (*People v Sanchez, supra*, at 33). Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ.