■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE GODBOLT, Respondent. [649 NYS2d 442] —Order, Supreme Court, New York County (Arlene Silverman, J.), entered November 28, 1995, reducing the first count of the indictment against defendant from criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree on the ground that the evidence before the Grand Jury was insufficient to support the greater charge, unanimously reversed, on the law, the first degree criminal possession charge reinstated, and the matter remanded for further proceedings.

The evidence before the Grand Jury indicated that on February 26, 1995, Port Authority Police Detectives observed defendant in the Port Authority terminal with two suitcases and a shopping bag. The detectives then witnessed two men approach defendant. As one man spoke with him, the other placed a canvas bag beside defendant's luggage. Soon, the men left and defendant picked up the two suitcases, the shopping bag and the canvas bag and boarded the bus. Defendant placed the two

suitcases on the overhead rack and put the shopping bag and canvas bag on the seat next to his. One of the detectives entered the bus and spoke with defendant. After receiving consent to search the canvas bag, the detective examined the bag and found over three pounds of cocaine, more than ten times the statutory weight requirement for a charge of criminal possession of a controlled substance in the first degree. In a postarrest statement to police, defendant admitted that he agreed to transport a package for a known drug seller. He admitted that one of the two men he met at the Port Authority was that drug seller and that he knew the bag contained narcotics. He, however, disavowed knowledge of the quantity of contraband in the bag. Upon the aforedescribed evidence, the Grand Jury handed down an indictment charging defendant with one count of criminal possession of a controlled substance in the first degree and one count of criminal possession of a controlled substance in the third degree.

Responding to defendant's motion to have the Grand Jury minutes inspected in light of *People v Ryan* (82 NY2d 497 [1993]), the court concluded that the evidence presented to the Grand Jury was insufficient to support the first-degree possession charge because there was no showing that defendant knew the weight of the narcotics. The court reduced the charge to criminal possession of a controlled substance in the seventh degree. The People appealed and we now reverse.

Our examination of the record persuades us that there was sufficient evidence for the Grand Jury to indict defendant for criminal possession of a controlled substance in the first degree. The evidence, viewed as it must be at this juncture in the light most favorable to the People (*People v Delacruz*, 222 AD2d 302), indicates that defendant agreed with a known drug seller to transport a canvas bag containing drugs in exchange for a fee. Defendant picked up the canvas bag, boarded a bus and placed the bag on the seat beside his. This course of possession of a bag containing more than ten times the four-ounce minimum required to sustain a conviction of illegal possession of a controlled substance in the first degree was a sufficient predicate for the Grand Jury's inference that defendant had knowledge of the narcotics' weight (*People v Sanchez*, 86 NY2d 27, 34). Concur—Murphy, P. J., Wallach, Kupferman, Williams and Mazzarelli, JJ.