■ The People of the State of New York, Appellant, v Charles Williams, Respondent. [653 NYS2d 579] —Order, Supreme Court, New York County (Brenda Soloff, J.), entered on or about January 6, 1995, which, upon defendant's motion to dismiss the indictment, reduced the charge of criminal possession of a controlled substance in the first degree to criminal possession of a controlled substance in the seventh degree, unanimously reversed, on the law, the original first-degree charge is reinstated, and the matter remanded for further proceedings. The appeal from earlier oral orders, issued November 18 and December 9, 1994, is dismissed, those orders having been superseded by the order of January 6, 1995.

Three police officers testified before the Grand Jury that on

a June afternoon in 1994, they were on anti-robbery patrol, in uniform, inside an unmarked van parked on the sidewalk at 155th Street and Bradhurst Avenue in Manhattan. They recounted how they observed defendant running down some stairs, with another man in hot pursuit. Defendant was carrying a plastic bag which appeared to contain an object with a box-like outline. With the thought that they were witnessing a robbery in progress, two of the officers gave chase while the third drove the van to cut defendant off. In the course of the chase, defendant tossed the bag away. After detaining defendant, one of the officers retrieved the bag, which contained a "New Balance" shoe box. In that box were four bags of cocaine, which weighed slightly over one pound and one ounce. A search of defendant incident to his arrest disclosed a beeper and $83 in United States currency.

Defendant testified before the Grand Jury that he did not know the bag contained drugs. He claimed that when the police caught him, he had just "snatched" a bag containing what he believed to be sneakers. He also stated that the man running behind him was actually the owner of the bag who had chased him after the "snatch."

The Grand Jury voted to indict defendant on one count of criminal possession of a controlled substance in the first degree and one count of grand larceny in the fourth degree. After inspecting the Grand Jury minutes, Criminal Term reduced the first-degree criminal possession count to seventh-degree possession on the ground that there was insufficient evidence that defendant knew the actual weight of the drugs. We disagree.

At the time this indictment issued, in order to sustain a prima facie case of criminal possession in the first degree, the People were required to prove not only the statutory weight of the aggregate substance possessed (here four ounces or more), but also that defendant had knowledge of that weight (*see, People v Ryan*, 82 NY2d 497, 504).* In *People v Sanchez* (86 NY2d 27), decided when *Ryan* still controlled the issue, the Court of Appeals found that where a defendant possessed over eight ounces of cocaine on his person (i.e., more than twice the threshold amount for criminal possession of a controlled substance in the first degree), this circumstance would support an inference that he knew that he possessed at least the statutory minimum. Here, defendant possessed over a pound of cocaine—more than four times the statutory threshold

---

* This requirement has now been abrogated by subsequent legislative enactment (*see*, Penal Law § 15.20 [4]).

required for first-degree possession. Thus, according to *Sanchez,* the weight of the substance here provided a basis for the Grand Jury to infer that defendant knew he possessed at least four ounces of cocaine (*People v Roberto,* 226 AD2d 273; *see also, People v Pitterson,* 234 AD2d 79).

Further, as the People argue, the Grand Jury evidence clearly demonstrated that defendant's handling of the drugs was "sufficient contact with the substance to experience its weight" (*People v Sanchez, supra,* 86 NY2d, at 33), so that an inference that defendant knew the weight of the drugs could properly have been drawn, particularly under the diminished standard of proof applicable to sustain indictments as opposed to petit jury verdicts (*see, People v Manini,* 79 NY2d 561, 568-569). All three police officers saw defendant running down 155th Street with the bag. Defendant, by his own testimony, ran at least two blocks and descended 120 steps with the bag. Moreover, defendant admitted that the bag felt as heavy as a pair of sneakers. Given this evidence and the fact that the cocaine weighed more than four times the necessary statutory threshold, the Grand Jury had ample basis to infer that defendant knew the weight of the drugs. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Andrias, JJ.