■ The People of the State of New York, Respondent, v John Hopkins, Appellant. [714 NYS2d 203] —Judgment, Supreme Court, New York County (Rena Uviller, J., on dismissal motion; Renee White, J., at jury trial and sentence), rendered September 8, 1997, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him,

as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's motion to dismiss the indictment was properly denied. A certified copy of the police chemist's report was properly received into evidence (CPL 190.30 [2]). The prosecutor's legal instructions were adequate and contained no defects rising to the level of impairing the integrity of the proceeding, as would be required for dismissal (*see, People v Vigo*, 222 AD2d 261). To the extent that defendant is challenging the sufficiency of the Grand Jury evidence, that claim is unreviewable (CPL 210.30 [6]).

Defendant's claims regarding ineffectiveness of counsel involve, for the most part, questions of trial tactics that, in this case, cannot be reviewed on this direct appeal (*People v Rivera*, 71 NY2d 705). To the extent that the existing record permits review, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Concur—Sullivan, P. J., Rosenberger, Lerner, Andrias and Friedman, JJ.