■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMANTINA ALVAREZ, Appellant. [893 NYS2d 46]—

At the time of the trial in 1994, the crime of criminal possession of a controlled substance in the second degree for which defendant was convicted required proof that she both possessed at least two ounces of cocaine (Penal Law § 220.18 [former (1)]) and knew that she possessed at least two ounces of cocaine (*People v Ryan*, 82 NY2d 497 [1993]). The evidence at trial was that defendant possessed a clear plastic bag containing 2 1/4 ounces and 16 grains of cocaine. Even assuming that the evidence was legally sufficient to establish that defendant knew that the cocaine weighed more than two ounces (*but cf. People v Pitterson*, 234 AD2d 79 [1996], *lv denied* 89 NY2d 1014 [1997] [evidence that defendant's travel bag contained a paper bag in which three ounces of cocaine were packaged in 506 ziplock

bags legally insufficient to establish defendant's awareness that he possessed at least two ounces of cocaine]), we find that the verdict was against the weight of the evidence. Nothing in the intercepted conversations established defendant had knowledge of the weight of the drugs; the narcotics were in a single plastic bag and the amount was too close to the statutory minimum to conclude that she would have been aware of the contraband's weight (*see People v Campbell*, 230 AD2d 636 [1996]). Accordingly, we reduce the conviction to criminal possession of a controlled substance in the third degree, which required at the time of trial proof that defendant knowingly possessed at least half an ounce of cocaine (Penal Law § 220.16 [former (12)]), and remand for sentencing.

However, defendant's contention that the trial evidence was likewise against the weight of the evidence to support the criminal possession of a controlled substance in the third degree (intent to sell) is without merit. The evidence, including wiretapped conversations, showed that defendant was involved in packaging large amounts of drugs for sale, and that this activity took place in two apartments, one of which was the location of the arrest. Hence the inference that defendant intended to sell the drugs she possessed was warranted. Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.