# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1207**
**KA 15-00614**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                         MEMORANDUM AND ORDER

JAMEL NELLONS, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR APPELLANT.

PAUL G. CAREY, SYRACUSE, FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated July 8, 2014. The order granted in part the motion of defendant to dismiss the indictment by reducing the first count thereof to criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: After defendant was arrested and charged with possessing crack cocaine, the People presented evidence to a grand jury, which issued an indictment charging him with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Defendant moved to dismiss the indictment based on the alleged insufficiency of the evidence presented to the grand jury, and Supreme Court granted the motion in part by reducing the first count of the indictment to criminal possession of a controlled substance in the seventh degree (§ 220.03). The People appeal, and we affirm. The testimony at the grand jury establishes that two police officers pursued a vehicle driven by defendant, and that one of the officers pursued defendant after he exited the still-moving vehicle and fled on foot. Defendant was found with two bags of crack cocaine weighing a total of eight grams. One officer testified that a drug user would not possess that amount of drugs, and that a drug user would not possess drugs without also having utensils with which to consume them.

We reject the People's contention that the evidence was sufficient to make out a prima facie case that defendant possessed the cocaine with the intent to sell it. Although "defendant's possession of a 'substantial' quantity of drugs can be cited as circumstantial

proof of an intent to sell . . . , it cannot be said as a matter of law that the quantity of uncut and unpackaged drugs possessed in this case permitted an inference that defendant intended to sell them. More than mere possession of a modest quantity of drugs, not packaged for sale and unaccompanied by any other saleslike conduct, must be present for such an inference to arise" (*People v Sanchez*, 86 NY2d 27, 35; *cf. People v Smith*, 213 AD2d 1073, 1074).  We note that the "modest quantity of drugs" in *Sanchez* was 3½ ounces of cocaine, far more than the drugs possessed by this defendant, which amounted to less than ⅓ of an ounce.  Consequently, the court properly concluded that the evidence was insufficient to establish that defendant possessed a controlled substance with intent to sell it (*see generally People v Smith [Nicole]*, 74 AD3d 1249, 1250; *People v Lamont*, 227 AD2d 873, 875).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court