# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

90

KA 15-01074

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

CURTIS HUDGINS, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN B. HANNAY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated August 22, 2014. The order granted that part of the motion of defendant to dismiss the first count of the superseding indictment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: The People appeal from an order granting that part of defendant's motion to dismiss the first count of the superseding indictment, charging him with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). After defendant was arrested and charged with possessing crack cocaine, the People presented evidence to a grand jury, which insofar as relevant here, issued a superseding indictment charging that crime, among other crimes. Defendant moved to dismiss the superseding indictment based on the alleged insufficiency of the evidence presented to the grand jury, and Supreme Court granted the motion in part by dismissing the first count of the superseding indictment. We affirm.

The testimony at the grand jury established that, following a traffic stop, a large plastic bag containing 32 individually-packaged bags of marihuana and $750 was found in defendant's pocket, and a separate bag containing 1.6 grams of cocaine was found in his cap. One officer testified for the People that a drug user, as compared to a drug seller, would not possess that amount of cocaine, and that a drug user would not possess cocaine without also having utensils with which to consume it, and defendant did not possess such utensils.

We reject the People's contention that the court erred in determining that the evidence was insufficient to make out a prima facie case that defendant possessed the 1.6 grams of cocaine with the

intent to sell it.  Although "defendant's possession of a 'substantial' quantity of drugs can be cited as circumstantial proof of an intent to sell . . . , it cannot be said as a matter of law that the quantity of uncut and unpackaged [cocaine] possessed in this case permitted an inference that defendant intended to sell [it].  More than mere possession of a modest quantity of drugs, not packaged for sale and unaccompanied by any other saleslike conduct, must be present for such an inference to arise" (*People v Sanchez*, 86 NY2d 27, 35; *see People v Nellons*, 133 AD3d 1258, 1259).  We note that the "modest quantity of drugs" referenced in the above quote was 3 1/4 ounces of cocaine (*Sanchez*, 86 NY2d at 35), far more than the quantity of cocaine possessed by defendant herein, which amounted to less than one eighth of one ounce (*cf. People v Smith*, 213 AD2d 1073, 1074; *see generally People v Smith [Nicole]*, 74 AD3d 1249, 1250; *People v Lamont*, 227 AD2d 873, 875).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court